WILLIAM A. BECKWITH *vs.* TOWN OF BOYLSTON.

Worcester. September 25, 1933. — October 25, 1933.

Present: CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Negligence,* Contributory. *Way,* Public: defect.

Mere knowledge of a defect in a highway does not, as a matter of law, prevent a traveller thereon from recovering in an action against a municipality for injuries suffered by reason of the defect, but is a factor to be considered in determining whether he was in the exercise of due care.

An auditor, who, under a rule which provided that his findings of fact should be final, heard an action of tort by a traveller against a town for personal injuries sustained by reason of a defect in a public way, found that the way was deeply rutted and had many loose stones on the surface so that it was necessary for the plaintiff continuously to "weave" or "pick" his way from one side to the other; that in so proceeding he stumbled and fell when he stepped between three stones of considerable size that were embedded in one side of the road in such a way as to form a rough triangle; that the stones were about a foot from each other and projected about five inches above the surface; that the plaintiff was familiar with the condition of the road, having passed over it about every Sunday during the year he

was hurt; and that he was in the exercise of due care. He found for the plaintiff. The defendant conceded that the way was defective. A motion by the plaintiff for judgment on the report was allowed, and the defendant alleged exceptions. *Held*, that

(1) The report of the auditor was in effect a case stated;

(2) The only question presented for decision was whether the plaintiff, because he was "familiar with the road and its condition," was precluded as matter of law from recovery;

(3) The plaintiff's familiarity with the condition of the way was only one fact to be considered by the auditor on the question of his due care, and did not require as a matter of law a finding that he was guilty of contributory negligence;

(4) No error of law was shown in the allowance of the motion for judgment on the auditor's report.

TORT. Writ dated January 20, 1932.

In the Superior Court, the action was referred to an auditor as stated in the opinion. Material facts found by the auditor are described in the opinion. He assessed the plaintiff's damages in the sum of $800. A motion by the plaintiff for judgment in his favor for such amount was allowed by *Dillon*, J., who also denied a motion by the defendant for judgment in his favor. The defendant alleged exceptions.

*R. B. Dodge*, (*A. T. Saunders* with him,) for the defendant.

*A. B. Campbell & M. C. Jaquith*, for the plaintiff, submitted a brief.

CROSBY, J. This is an action to recover for personal injuries sustained by the plaintiff while travelling on Melrose Street, a public way in Boylston in this Commonwealth. The case was referred to an auditor under a rule which provided that the auditor's report should be final as to the facts found. The report in these circumstances constitutes in substance by previous agreement of the parties "a statement of all the ultimate facts upon which the rights of the parties are to be determined by law." It becomes in effect a case stated. *Merrimac Chemical Co.* v. *Moore*, 279 Mass. 147, 152. G. L. (Ter. Ed.) c. 231, § 126.

The auditor found the following facts: Melrose Street is a "back road." The plaintiff's son resided in a house on the northerly side of the road, and the accident occurred at a point between fifty and sixty feet westerly of the house

of the son.   On Sunday, December 20, 1931, at about one o'clock in the afternoon, the plaintiff was proceeding on foot easterly toward the house of his son.   There was little or no snow on the road, which was deeply rutted and had many loose stones on the surface varying in size up to six or eight inches in diameter.   By reason of this condition it was necessary for the plaintiff continuously to "weave" or "pick" his way from one side to the other, and in so proceeding he stepped between three stones of considerable size that were embedded in the northerly side of the road in such a way as to form a rough triangle; they were about a foot from each other, and projected about five inches above the surface.   The plaintiff stumbled over one or more of these stones and fell, fracturing both bones of his right wrist.   He suffered pain from the injury, and incurred medical expenses by reason thereof; and he sustained a loss of earning capacity.   It was further found that the plaintiff was familiar with the condition of the road having passed over it about every Sunday in 1931.   Upon all the evidence the auditor found that the plaintiff was in the exercise of due care at the time of his injury, and that it was caused by the three stones above referred to which constituted a defect in the road.   The plaintiff's damages were assessed in the sum of $800.   After the report was filed the plaintiff moved in the Superior Court that judgment be entered in his favor for the amount found.   The defendant moved that judgment be entered in its favor on the report.   The judge allowed the plaintiff's motion, and denied that of the defendant subject to its exception.

The only question presented for decision is whether the plaintiff, because he was "familiar with the road and its condition," is precluded as matter of law from recovery.   It is argued by the defendant, in substance, that the road was in a dangerous condition which was known to the plaintiff, and that in attempting to pass over it he did so at his peril. In other words, the defendant contends that in the circumstances the plaintiff's injury was due to his lack of due care — he was familiar with the road and its condition and he assumed the risk.   In support of this contention the defend-

ant cites *Wilson* v. *Charlestown*, 8 Allen, 137, where it was held that a person who attempts to pass over a sidewalk knowing it to be very dangerous by reason of ice upon it, which he might easily have avoided, cannot recover for injuries sustained by falling upon the ice. It was held in *Horton* v. *Ipswich*, 12 Cush. 488, cited by the defendant, that a person travelling upon a highway obstructed by snow must use ordinary care in determining whether to proceed or return and, if guilty of negligence in proceeding, he cannot recover for any injury received from a defect in the way to which his negligence contributed. In *Little* v. *Brockton*, 123 Mass. 511, 515, the plaintiff in the daylight drove his horses and a loaded wagon out of the travelled part of the highway and turned them squarely off a bank at the edge of the road, and was injured. It was there said by this court that his position so near the bank was through his own want of due care, and that "A party cannot relieve himself from a dangerous position into which his own fault has brought him and hold the town responsible for the result." We are of opinion that none of the cases above referred to is decisive of the rights of the plaintiff in the case at bar. It is conceded by the defendant that the way was in a defective condition. It does not appear, however, from the facts found that it was in such condition that when the plaintiff attempted to pass over it on foot he was guilty of negligence as matter of law. The fact that he was familiar with its condition by reason of having passed over it safely about every Sunday during the year he was hurt was evidence tending to show it was passable, although out of repair, and that he was not negligent as matter of law in walking over it on the day he was injured. It was a question of fact for the auditor to determine whether he was lacking in due care at that time. There was no evidence to show that he ever saw the three stones over which he stumbled and fell before the day he was injured. The fact that by reason of the condition of the road it was necessary for him continuously to "weave" and "pick" his way from side to side of the road did not show negligence on his part as matter of law but presented a question of fact for the auditor to determine. It is settled

that knowledge of a defect in a highway does not prevent a traveller thereon from recovering, but is an incident to be considered in determining whether he was in the exercise of due care. *McGuinness* v. *Worcester*, 160 Mass. 272, 273. It was said in *Urquhart* v. *Smith & Anthony Co.* 192 Mass. 257, 262, that "In actions for injuries caused by defects in public ways it also has uniformly been held not only that the doctrine of contributory negligence is applicable, but that previous knowledge by the person injured of an open defect, or of a general condition which ultimately proves to be a defect, is not sufficient generally to prevent recovery." The present case is covered by *Kelly* v. *Blackstone*, 147 Mass. 448, *McCarthy* v. *Stoneham*, 223 Mass. 173, 176, *Junkins* v. *Stoneham*, 234 Mass. 130, 133, *George* v. *Malden*, 274 Mass. 606, 608.

As it could not rightly have been ruled on the findings of the auditor that the plaintiff's injury was due to lack of due care on his part, the defendant's motion for judgment was properly denied; it follows that there was no error of law in the allowance of the plaintiff's motion for judgment for the amount found by the auditor.

*Exceptions overruled.*