HENRY T. RAYMOND *vs.* ANNE T. DAVIES.

Middlesex.   November 4, 1935. — January 2, 1936.

Present: CROSBY, FIELD, DONAHUE, & QUA, JJ.

*Agency*, Agent's duty of fidelity, Agent's compensation.

The taking of a secret profit by an agent bars his recovery of compensation for services rendered to his principal.

CONTRACT. Writ dated May 8, 1934.

The case was heard in the Superior Court upon an auditor's report, as described in the opinion, by *Morton*, J.

*W. R. Bigelow*, for the plaintiff.

*W. F. Farr*, (*C. B. Rugg* with him,) for the defendant.

CROSBY, J. This is an action of contract upon an account annexed to recover salary due and money lent.

The case was referred to an auditor under an order that his findings of fact were to be final by agreement of the parties. The plaintiff filed a motion that the auditor's report be confirmed, and that judgment be entered for the plaintiff. The report constituted a case stated under G. L. (Ter. Ed.) c. 231, § 126. *Merrimac Chemical Co.* v. *Moore*, 279 Mass. 147. *Beckwith* v. *Boylston*, 284 Mass. 279, 280. Upon the hearing of the motion the defendant filed the following requests for rulings: "1. Upon all the facts found by the auditor a finding must be entered for the defendant. 2. The plaintiff having been guilty of taking a secret profit in regard to the matter in which he was employed by the defendant, the plaintiff is not entitled to recover any wages from the defendant. 3. The credits admitted by the plaintiff to have been received from the defendant more than offset the amounts claimed by the plaintiff for items other than wages, and a finding must be made for the defendant. 4. The intent of the plaintiff in taking the secret profit is immaterial, and upon all the facts a finding must be made for the defendant." The trial judge granted the defendant's requests for rulings, denied the plaintiff's motion, and "found" for the defendant. To the "rulings, orders, and judgment," the plaintiff excepted.

It appears from the facts found by the auditor that the plaintiff had been employed by the defendant as manager of her farm, known as Carver Hill Farm, in Natick in this Commonwealth; that he hired the employees and paid them and the bills generally; that he kept a bank account under the name of "Carver Hill Orchard," drew checks on the account, and made purchases of supplies for the farm, the checks being signed by him as manager; that at times he advanced his own money to pay bills, including the expense of spraying the orchards; that he rendered annually to the defendant a report which was "insufficient in detail"; that the funds were not sufficient to meet the expenses of carrying on the farm owing to the inability of the defendant to supply them, and the expenses were taken care of in part by the plaintiff and his son, who was one of the employees on the farm. The auditor further found as

follows: There was evidence that the plaintiff had always left certain farm implements, including a mowing machine, harrow, a sprayer, a tractor, ladders, pitchforks and other implements, exposed to the weather. In September, 1933, Henry T. Raymond, junior, a son of the plaintiff, doing business as Raymond Bros. & Sons Co., to whom money was due for merchandise he had sold to the Carver Hill Farm, received from the plaintiff about five hundred fifteen boxes of apples which he placed in cold storage in the name of Raymond Bros. & Sons Co. In March, 1934, the apples were sold by the company for $500 and this amount was credited on the books of the company to the account of the farm. The plaintiff was a stockholder in the Farmers Co-operative Exchange, and made purchases of farm supplies from this exchange. By reason of these purchases he received as a bonus or commission seven shares of stock from the exchange, which he did not disclose to the defendant. The defendant by letter sent to the plaintiff on March 26, 1934, complained of the inadequacy of his accounts, and notified him that he was discharged. The auditor further found that the plaintiff "had no right to the seven shares [of stock] which were a secret profit," and disallowed the sum of $175 of item numbered 2, being "Money loaned to pay Farmer's Coop Exchange" $275. The auditor stated the account to be that the defendant was indebted to the plaintiff in the sum of $1,515.17 with interest thereon of $70.75, making a total of $1,585.92.

As manager of the defendant's farm the plaintiff was bound to exercise the utmost good faith in his dealings with her. "If the agent does not conduct himself with entire fidelity towards his principal, but is guilty of taking a secret profit or commission in regard to the matter in which he is employed, he loses his right to compensation on the ground that he has taken a position wholly inconsistent with that of agent for his employer, and which gives his employer, upon discovering it, the right to treat him so far as compensation, at least, is concerned, as if no agency had existed. This may operate to give the principal the benefit of valuable services rendered by the agent,

but the agent has only himself to blame for that result." *Little* v. *Phipps*, 208 Mass. 331, 333–334. The auditor found that the plaintiff made purchases on behalf of the defendant from a corporation in which he was a stockholder, and that because of such purchases he received a commission of seven shares of stock from that corporation. He did not inform the defendant of the receipt of these shares of stock. They constituted a "secret" profit for which he never accounted to the defendant. As the plaintiff was guilty of taking a bonus in the form of shares of stock in a corporation in which he was a stockholder, by reason of his purchases from that corporation on behalf of his employer, he is barred from the recovery of salary or wages. *Quinn* v. *Burton*, 195 Mass. 277, 279. *Little* v. *Phipps*, 208 Mass. 331, 333–334. *Dzuris* v. *Pierce*, 216 Mass. 132, 135. *J. C. Penney Co.* v. *Schulte Real Estate Co. Inc.* 292 Mass. 42. *Parker* v. *McKenna*, L. R. 10 Ch. 96, 118. Am. Law Inst. Restatement: Agency, § 388.

The items in the plaintiff's account annexed for salary or wages are as follows: Item 1. Balance due for wages to January 1, 1933, $366.35; Item 9. Fourteen months' salary from January, 1933, to March 1, 1934, $1,750; Item 10. Salary due March, 1934, $71. The total amount of these charges for salary and wages is $2,187.35. The other items charged in the plaintiff's account are for money lent to pay bills of the farm and amount to $413.99. In reduction of these claims the plaintiff allows a credit of $820 consisting of $620 for cash received by the plaintiff on different dates and a check for $200 received from the defendant. The auditor found that the defendant should be allowed these credits and also an omitted credit of $90.77. He allowed all the items claimed by the plaintiff except item 2, which is $275 for money lent to pay the Farmers Co-operative Exchange; of this he allowed $100 and disallowed $175 as representing the secret profit received by the plaintiff as a bonus of seven shares of stock.

As the plaintiff's claim for wages and salary amounted to $2,187.35, and apart from that amount he sought to recover only $413.99, being items 2 to 8 for money lent and he

admits receiving from the defendant cash amounting to $820, the trial judge properly gave the defendant's requests for rulings.

No error of law appears in the rulings of the trial judge. The entry must be

*Exceptions overruled.*