**C. CHANDLER ROSS v. ROY L. CALAMIA**

13 So. (2nd) 916                                          June Term, 1943
June 11, 1943                                                Division A
Rehearing Denied July 2, 1943

*Glynn O. Rasco,* for petitioner.
*Kurtz, Reed, Sappenfield & Cooper,* for respondent.

BUFORD, C. J.:

This cause is before us on certiorari at law to review the judgment of the Circuit Court of the Eleventh Judicial Circuit of Florida in and for Dade County wherein plaintiff recovered judgment against defendant who is petitioner here. The verdict in the civil court of record was in the sum of $2,038.00, but, on motion for new trial being considered, the Court denied the motion on condition that remittitur be entered in the sum of $860.00.

The requirement of the remittitur was based on a plea to the effect that plaintiff had received and retained the sum of $860.00 which plaintiff was legally bound to pay over to the defendant, which plea had been amply sustained by proof.

The suit was for compensation alleged to be due to plaintiff by defendant for services in the supervision of the letting of a building contract and in the supervision of the construction of the building under the contract and the $860.00 supra, was the amount which the building contractor paid to the plaintiff in connection with the transaction before the execution or performance of the contract and without the knowledge or consent of the defendant.

Petitioner insists that the judgment of the circuit court is contrary to the essential requirements of the law and should be quashed because a plaintiff may not recover in a case where it has been affirmatively shown that an agent, while in the performance of the duties connected with his agency, said duties being of a fiduciary nature, and without the knowledge or consent of his principal, accepts from a third party with whom he is dealing on behalf of his principal, a secret commission or rebate.

The contention is not applicable in this case because if plaintiff in such case may not recover that conclusion rests on the fact that by his action in receiving and holding a secret payment or profit the agent forfeited his right to receive compensation from his principal. The defendant failed to plead forfeiture. He only pleaded the $860.00 as a set-off or credit to which he alleged he was entitled.

It appears to be well settled that if an agent who undertakes services for his principal or employer and who before performing the service accepts or agrees to accept money or a thing of value from another whose interest is, in the particular transaction, adverse to that of his principal or employer and without the knowledge or consent of his employer, such agent thereby breaches his duty of loyalty to his employment and, on proper plea and proof, be held to forfeit any and all right of compensation from his principal or employer. This rule rests on the paramount policy of removing the danger of temptation from the path-way of the agent to forsake the interest of the principal or employer. In such cases it is immaterial whether or not the principal actually suffers loss. See Restatement of Agency, page 334, Sec. 31; Mechem on Agency, Vol. 1 page 1188. Annotation 102 A.L.R. 1115; Raymond v. Davies 293 Mass. 117, 199 N.E. 321; Audubon Bldg. v. Andrews, 187 F. 254; Lemon v. Little 21 S.D. 628, 114 N.W. 1001; Jacobus v. Munn, 38 N.J. Eq. 622, 102 A.L.R. 1122.

One who claims a forfeiture, however, asserts an affirmative defense which must be made by plea in the way of confession and avoidance and the facts warranting the claim of forfeiture as well as the assertion of forfeiture must be clearly alleged and proved, the burden being on the defendant to prove the plea. See Crandall, Florida Common Law Practice, (1928), Sec. 156-160; Carson, Common Law Pleading and Practice, page 128, 49 C.J. page 295-296; Florida Circuit Court Rule 27, Florida East Coast Ry. Co. v. Peters, 72 Fla. 311, 73 So. 151; Skinner Mfg. Co. v. Danville, 57 Fla. 180, 49 So. 125; Mizelle v. Watson, 57 Fla. 117, 49 So. 149.

The pleas in the instant case were insufficient to set up the defense of forfeiture and, therefore, the question of forfeiture

was not within the issues presented to the Court, and the circuit court in reviewing the judgment was not called upon to deal with such question.

The record fails to disclose that the circuit court in entering its judgment of affirmance departed from the essential requirements of the law.

Therefore, the writ of certiorari is issued herein and is quashed and the judgment of the circuit court is affirmed.

So ordered.

TERRELL, CHAPMAN and ADAMS, JJ., concur.