PER CURIAM.
Because on this record it is established without any genuine material dispute that (1) the appellants never recalculated the “Total Net Indebtedness” owed .by the appellee doctors as required by the Termination Agreement between the parties, (2) the appellants never notified the escrow agent that the aforementioned net indebtedness exceeded $125,000 as required by the subject termination agreement, and (3) the appellants never substantially complied with these provisions of the termination agreement, the appellants were not entitled to any of the proceeds of the escrow agreement under the termination agreement and the proceeds were rightly returned by the appellee escrow agent to the appellee doctors in this case. This being so, the appellee doctors are not indebted to the appellants for any sum of money under the termination agreement, the appellee escrow agent is not liable to the appellants, and the trial court correctly entered summary judgment for all appellees in the suit brought below by the appellants. We have not overlooked the appellants’ arguments to the contrary, but are not persuaded thereby. Ross v. Calamia, 153 Fla. 151, 13 So.2d 916, 917 (1943); Jaar v. University of Miami, 474 So.2d 239, 242 (Fla. 3d DCA 1985), rev. denied, 484 So.2d 10 (Fla.1986); Scott-Steven Dev. Corp. v. Gables by the Sea, Inc., 167 So.2d 763, 764 (Fla. 3d DCA 1964), cert. denied, 174 So.2d 32 (Fla.1965); Cohen v. Rothman, 127 So.2d 143, 147 (Fla. 3d DCA 1961), cert. discharged, 138 So.2d 328 (Fla. 1962).
The final summary judgment under review is, therefore, in all respects,
Affirmed.