### REUBEN A. RICHARDS & others *vs.* JOHN DOE & others.

In an action for negligently carrying the plaintiffs' casks of sheet zinc from New York to Boston, it appeared that the goods had been imported from England to New York where they had been delivered to the defendants, and that in opening the casks in Boston, the sheet zinc was found to have been injured by water, and the silos, or zinc wrapping cases, broken and perforated with nail holes. A witness called by the defendants testified that zinc was usually imported in silos soldered at both ends so as to be water and air tight. *Held*, that the admission of this evidence afforded no ground of exception to the plaintiffs.

In an action against common carriers for injury to the plaintiffs' goods, the burden of proof is on the plaintiffs to show that the injury occurred while the goods were in the defendants' possession. And a recital by the defendants in the bill of lading that the goods were received in good order and condition, though *primâ facie*, is not conclusive evidence that the goods were free from internal injuries.

CONTRACT against the defendants as common carriers, for an alleged injury to five casks of sheet zinc, the property of the plaintiffs, and brought from New York to Boston on board the defendants' vessel. The bill of lading, executed by the defendants' agent, recited that the goods were "in good order and condition" when received.

At the trial in the superior court, before *Morton*, J., it appeared that the casks were imported from Liverpool to New York in March 1866, and remained there in store until shipped to the plaintiffs in August 1867; that when the casks were taken on board the defendants' vessel, they were in good order and condition, so far as visible externally; that upon being opened in Boston, the zinc was found stained and damaged, and the zinc cases or silos, in which the sheet zinc was packed, broken and perforated with nail holes. The plaintiffs introduced testimony tending to show that the zinc, when opened, was wet and damaged, apparently recently, by water. The defendants introduced evidence tending to show that the zinc had not been injured or exposed to damage while in their possession, but that such injury or exposure occurred before the zinc was delivered to them. The defendants called one Dean, a large importer and dealer in sheet zinc, who testified that he had never seen the zinc in question. The defendants, against the plaintiffs' objection, were allowed to ask this witness what was the usual mode

of importing sheet zinc. The witness replied, that the usual mode was to roll the sheet zinc together as compactly as possible, and to cover it with a zinc case called a silo, which is soldered at both ends so as to be water and air tight, and then to put the whole in a stout, coarse wooden cask for protection.

Among other things, the plaintiffs asked the court to rule " that to sustain a verdict for the defendants, the jury must find that the damage done to the merchandise was occasioned by other parties than the defendants or their agents; and they must find that such damage existed before being received on board of the vessel and not open to the inspection of the captain or the defendants' agents, who signed the bill of lading. That the burden of proof was on the defendants to show that the damage proceeded from some cause that existed, but was not apparent when they received the goods; that this must be shown satisfactorily by the defendants by a fair preponderance of testimony, and that in case of such loss or damage, the presumption of law was, that it was occasioned by the act or default of the defendants, and they must show that the cause existed before the receipt of the merchandise by them, and before the execution of the bill of lading."

The court declined so to rule; but did rule " that the burden of proof was upon the plaintiffs to show that the injury to the goods occurred while they were in the possession of the defendants; that the recital in the bill of lading, that the goods were in good order and condition, was *primâ facie* evidence that they were in good order and condition when received by the defendants; that such recital was conclusive upon the defendants, so far as the apparent external condition was concerned, and could not be contradicted by them; but that upon the question, whether the goods had previously received an internal injury, which could not be discovered by the defendants or their agents, upon inspection and such examination as was open to them, such recital, though *primâ facie*, was not conclusive evidence."

The jury returned a verdict for the defendants, and the plaintiffs alleged exceptions.

*J. Nickerson,* for the plaintiffs ·

*H. A. Scudder*, for the defendants.

HOAR, J.   We do not see that the testimony of Dean, which was admitted notwithstanding the plaintiffs' objection, was in any respect prejudicial to their case.   The most that can be said against it is that it was immaterial ; and a verdict is not to be set aside merely on account of the admission of immaterial evidence, unless the court can perceive some possible tendency in it to injure the party objecting to it.   *Commonwealth* v. *Bailey*, 11 Cush. 415.   The plaintiffs' case required them to prove that the zinc had been injured while in the possession of the defendants as carriers.   When the defendants delivered it, it was found to be injured by water, and the silos, or zinc wrapping cases, broken and perforated with nail holes.   The witness was asked as to the usual manner in which zinc was imported, and testified that it was in these silos soldered so as to be air and water tight.   The tendency of this evidence would be to show that the zinc in question was not, when imported, in the condition in which it was found when delivered ; and so far, if it had any bearing, would be favorable to the plaintiffs, as leading to the inference that the injury to the packing cases occurred subsequently to the time of importation. The point at issue and on trial was whether the injury was caused or suffered by the defendants ; and no inference in their favor could be drawn from proof that it was usual to pack the article securely when imported.

The instructions given to the jury seem to us to have been correct.   The instructions asked should not have been given, because the burden of proof was upon the plaintiffs to show that the goods were damaged while in the possession of the defendants.   The receipt, admitting that they were received in good order, accompanied by proof that they were delivered in a damaged condition, sustained the burden of proof, but did not change it.   And such was the ruling of the court ; that the burden of proof was on the plaintiff, and that the receipt was *primâ facie*, but not conclusive evidence, to sustain this burden.   *Shepherd* v. *Naylor*, 5 Gray, 591.   The ruling seems to us to have been in substance exactly what the plaintiffs contend it should have been.                                   *Exceptions overruled.*