TWITCHELL-CHAMPLIN COMPANY *vs.* JOSEPH S. RADOVSKY.

Bristol.    October 24, 1910. — November 22, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Sale,* Delivery.    *Contract,* Construction, Custom of trade.

If goods are shipped by rail to a buyer under the terms of a contract of sale, the fact that a discount is made from the price equal to the cost of transportation does not prevent the application of the familiar rule that, in the absence of an agreement or usage to the contrary, when goods are to be shipped by rail delivery to the carrier is delivery to the buyer and the title passes at the time of such delivery.

The stipulation in a contract in writing for a sale of goods " Price guaranteed against our own price up to time of shipment " here was shown to mean, as understood by the trade, that the seller would give the buyer the benefit of any drop in the price of the kind of goods sold which the seller gave to other customers although this would make the price less than the price named in the contract.

CONTRACT, with a first count upon a contract in writing for $510 as the price of one hundred and fifty cases containing six hundred dozen clams, alleged to have been delivered to the defendant under the contract, and a second count upon an account annexed for the same amount.    Writ dated August 17, 1908.

In the Superior Court the case was tried before *Fox,* J., without a jury.

The plaintiff put in evidence a contract, in writing, the material portion of which was as follows:

"2|13 1909.

Sold to J. S. Radovsky
At Fall River, Mass.
How Ship — Rail.                When — As below.
Terms : — 1½ % — 10 days.
300 c|s P|L 6 oz. Clams    1200    - - - - - - - - - 90
                                                 less frt.

½ to be shipped when packed about May — balance July shipment — price guaranteed against our own price up to time of shipment.

To take place of previous contract.

J. S. Radovsky
The Twitchell-Champlin Co.
by Frank A. Bott."

One hundred and fifty cases of these goods had been shipped in May and paid for.  The plaintiff's shipper testified that he was in charge of the shipping department of the plaintiff, and that he knew that the clams in question, namely, the remaining one hundred and fifty cases, were shipped.  The defendant testified that he received no bill of lading and no other notice in writing of that shipment or of the arrival of the clams except the invoice printed above.  The defendant testified, however, that he might have known of the arrival of the clams at the station in Fall River.  He testified that he did not take them from the station and that he refused to take the clams because he bought them less freight and the bill was marked " f. o. b. Boston." The price named in the contract between the parties was ninety cents less freight, and the first shipment of one hundred and fifty cases was billed at that price and was paid for.  The second shipment of one hundred and fifty cases was billed at eighty-five cents f. o. b. Boston.

It appeared that ninety cents was the price per dozen cans and that there were six hundred dozen cans in one hundred and fifty cases.

It was contended by the defendant that he was entitled to a deduction of five cents a dozen from the contract price under the guaranty contained in the contract, as follows: " Price guaranteed against our own price up to time of shipment," and that the second invoice should have been billed to him at eighty-five cents less freight instead of eighty-five cents f. o. b. Boston, and that because of that overcharge he had a right to reject the goods.  Upon this point the evidence was in substance as follows:

Upon the receipt of the invoice for the second lot of clams the defendant immediately returned it with the statement that he could not use the clams at the above price, and the plaintiff mailed the invoice back to the defendant with no further comment.

Bott, who made the contract with the defendant for the plaintiff, testified on cross-examination that " f. o. b. Boston " meant that the freight was to be paid by the defendant; that at the time he closed the order with the defendant the plaintiff's price was ninety cents f. o. b. Boston, and that he allowed the defendant a concession of the freight because of the size of the

order and also for the purpose of getting the defendant's business for the future.

The plaintiff's witnesses testified that at the time they sent the second invoice to the defendant on July 15, 1908, their price was eighty-five cents f. o. b. Boston in sales of twenty-five cases or over, ninety cents f. o. b. Boston on sales of fifteen cases, and ninety-five cents f. o. b. Boston on sales of five cases.

The defendant testified that the understanding by the trade as to the guaranty contained in the contract of sale was that if the market declined the buyer got the benefit. " Q. Assuming the price went down ten cents what would be the benefit that would be allowed? A. That would be ten cents a dozen. — Q. What would be the understanding by the trade when the list price is f. o. b. Boston ninety cents and if it is then reduced to eighty-five cents f. o. b. Boston ? A. Five cents." This evidence was not contradicted by the plaintiff or its witnesses, although the plaintiff's witnesses all were in court at the time that the testimony was given.

Bott further testified that after the drop in price he came to Fall River, saw the defendant, and told him " that they would be able to make a little better price on clams, and would be able to fill his order at eighty-five cents Boston," adding, " He seemed well satisfied at the time and I considered the matter settled. We shipped the order according to the contract."

The defendant testified as to this conversation that Bott came to him and told him that the clams had declined five cents a dozen and that the defendant's price would be reduced accordingly.

At the close of the evidence the defendant asked the judge to make the following rulings :

1.  Upon all the evidence judgment should be for the defendant.

2.  Upon all the evidence the title to the goods never passed to the defendant.

3.  Upon all the evidence there was no delivery of the goods to the defendant.

4.  Upon all the evidence the plaintiff cannot recover the sale price of the goods.

5.  The defendant had a right to reject the goods upon the terms offered.

6. The title to the goods does not pass to the consignee by delivery to the carrier where freight is paid by the consignor.

7. A fair construction of this contract is that the defendant was to receive the benefit of any decline in price from the time that the contract was made up to the time of shipment.

8. Upon all the evidence the plaintiff failed to give the defendant the benefit of that decline of five cents per dozen.

The judge made the seventh ruling requested as above, and refused to make any of the others.  He found for the plaintiff in the sum of $510 with interest.  The defendant alleged exceptions.

The case was submitted on briefs.

*D. R. Radovsky*, for the defendant.

*A. S. Phillips*, for the plaintiff.

BRALEY, J.  The defendant contends, that, as the goods when packed were to be shipped to him by rail at a price from which the cost of transportation was to be deducted, the title did not pass until their arrival at his place of business.  But there was no express clause in the agreement that this expense was to be borne by the seller, and, while the amount undoubtedly measured what the buyer would have to pay for carriage, the stipulation could be found to have been intended by the parties as a discount from the seller's regular prices, and not as a prepayment of the freight.  The question was one of fact, and the finding for the plaintiff, having been warranted by the evidence, cannot be revised.  *Suit* v. *Woodhall*, 113 Mass. 391.  *American Malting Co.* v. *Souther Brewing Co.* 194 Mass. 89.  It being settled that, unless there is an agreement or usage of the trade to the contrary, delivery to the carrier is a delivery to the buyer, when the sale becomes complete, the case at bar falls within this familiar rule, and, the title having passed, the refusal of the defendant to accept the clams was unjustifiable, and furnishes no defense to the action for the price.  *Barrie* v. *Quinby*, 206 Mass. 259. The plaintiff concedes, and the judge so ruled, that by a fair construction of the contract the defendant was entitled to the benefit of any decline in price during the period between the date of sale and the time of the shipment of the last invoice. But his further contention, that in the adjustment of the amount due, the plaintiff having allowed on the first invoice a special

discount below the regular price charged to other customers, he was bound on the second invoice to make a similar discount, is not in accordance with the terms of sale. The agreement was to give him the benefit of any drop in prices which they gave to other customers even if less than the contract called for, and, the price charged having been upon this basis, the defendant has no ground of complaint.

The requests were rightly refused, and the exceptions must be overruled.

*So ordered.*