MARY CANNEY *vs.* AMERICAN EXPRESS COMPANY.

Suffolk.   November 15, 1915. — January 6, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Practice, Civil,* Rulings and instructions, Exceptions. *Evidence,* Presumptions
and burden of proof.  *Carrier,* Of goods.

Where at a trial of an action in a municipal court the liability of the defendant
depends on the facts to be found by the judge upon conflicting evidence, the
judge must refuse a request to rule that "Upon all the evidence the plaintiff
is entitled to recover."

In an action of contract or tort against an express company for damage to break-
able household goods packed in a barrel and a case and shipped to be trans-
ported by the defendant, where the receipt given by the defendant to the
plaintiff contains no statement that the goods have been received in good
order and condition, it is proper for the trial judge to refuse to rule that
"The burden of proving that the goods were improperly packed and marked
is on the defendant."

In the case stated above, the trial judge having found in effect that the damage
to the plaintiff's goods was caused by the improper and careless manner in
which they were packed and was not due to any negligence of the defendant,
exceptions were overruled to the refusal of the judge to make certain rulings
founded on the assumption of facts contrary to this finding.

CROSBY, J.   This is an action of contract or tort to recover dam-
ages for injury to the plaintiff's goods while in the course of trans-
portation by the defendant, a common carrier.   The case comes to
this court on an appeal by the plaintiff from a decision of the Ap-
pellate Division of the Municipal Court of the City of Boston dis-
missing the report of a judge of that court.   Some of the goods in
question were packed in a barrel and some were in a case.   "The
barrel contained dishes; straw was laid on the bottom of the barrel
and on top of the straw were the dishes each wrapped in several
sheets of newspaper or in cloths.   On top of the dishes was laid a
piece of carpet, and above that was the head of the barrel. . . .
The case contained framed pictures, a graphophone, and a clock,
each of these things being wrapped in bedding or clothes or pil-
lows, but not otherwise secured in place."   When the barrel and
the case arrived at the place of destination the contents of each
were found to have been broken and damaged.   The exterior of

the case was intact, but the head of the barrel was broken in. The judge of the Municipal Court found the following facts: "That the goods were loosely and improperly packed in the barrel and case by the plaintiff and that the defendant was not negligent in handling them or in selecting a route for their transportation between Jersey City and Medford."

.At the time of shipment the defendant delivered to the plaintiff a written receipt for the goods which recited the terms and conditions of the shipment and which provided in part as follows:

"5. The Company shall not be liable for loss, damage, or delay, caused by —

*a.* The act or default of the shipper or owner.

.    .    .    .    .    .    .    .

*c.* Improper or insufficient packing, securing or addressing."

"6. Packages containing fragile articles or articles consisting wholly or in part of glass must be packed so as to insure safe transportation by Express with ordinary care. If not so packed and plainly marked so as to indicate the nature of the contents the Company shall not be liable for damage to such shipment unless proved to be negligent."

The plaintiff asked the judge to make seven rulings, the fourth and fifth of which were given. The seventh request was waived.

1. The first request, that "Upon all the evidence the plaintiff is entitled to recover," could not have been given, because the liability of the defendant depended upon the facts as found by the judge upon conflicting evidence.

2. The second request * could not have been given. When a bill of lading recites that goods when received are in good order and condition, it is held to be *prima facie* evidence that the goods were in good order so far as they were visible and open to inspection, but no such provision appears in the receipt delivered to the plaintiff, nor was the condition of the goods in the barrel and case apparent or open to the inspection of the officers or agents of the defendant. Besides the finding of the judge that the goods were loosely and imperfectly packed makes this request immaterial. *Hastings* v. *Pepper*, 11 Pick. 41. *Shepherd* v. *Naylor*, 5 Gray, 591.

---

* The second ruling requested was as follows: "2. The burden of proving that the goods were improperly packed and marked is on the defendant."

*Richards* v. *Doe*, 100 Mass. 524. See *Garvan* v. *New York Central & Hudson River Railroad*, 210 Mass. 275.

3. The third and sixth requests * could not have been given in view of the finding, which is in effect that the damage to the plaintiff's goods was occasioned by the improper and careless manner in which they were packed and was not due to any negligence of the defendant.

*Order dismissing report affirmed.*

*G. C. Scott,* for the plaintiff.

*A. M. Pinkham,* for the defendant, was not called upon.

---

* The third and sixth rulings requested were as follows:

"3. If the court shall find that the articles in the case were each protected by burlap, bedding, or clothes, and that they were packed fairly tight, then the court shall not find that the articles in the case were improperly packed."

"6. If the court shall find that the barrel was delivered to the carrier, the defendant, in good condition, but that when the defendant delivered the barrel to the plaintiff in Medford the barrel was broken in at the top, and if the court shall find that the defendant has not offered any evidence as to the circumstances when the top of the barrel was so broken in, the court shall find that the defendant was negligent in its handling and transportation of the barrel and that the defendant is liable for the damage to the barrel and its contents."