ALBERT J. LEVY *vs.* IRVING C. RADKAY.

Suffolk.   March 10, 1919. — April 23, 1919.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Sale,* Delivery and acceptance, By sample.

Goods, purchased by sample, were ordered by the buyer to be shipped to his address by a certain expressman, the express charges to be paid by the buyer. While the goods were in the possession of the expressman, they were destroyed by fire. In an action by the seller against the buyer for the purchase price, it was *held,* that the title to the goods passed to the buyer upon delivery to the expressman.

It further was *held* that, under the circumstances above described, the rule that, where goods are sold by sample and are selected and shipped by the seller, the buyer has a right of inspection and verification before acceptance, so that, until such right of inspection is exercised or waived, there can be no acceptance, was not applicable, because the title to the goods passed when they were delivered to the carrier chosen by the buyer.

CONTRACT upon an account annexed for $83.81, the purchase price of goods alleged to have been sold and delivered by the plaintiff to the defendant. Writ in the Municipal Court of the City of Boston dated December 14, 1917.

The findings of fact warranted by the evidence are stated in the opinion. The trial judge found that the defendant directed the plaintiff to ship the merchandise in suit by Mahoney's Express, and that the defendant was to pay the express charges for transportation; and ruled that as a matter of law the title to the merchandise passed to the defendant upon delivery to Mahoney's Express.

The defendant also asked for the following rulings. The disposition made of each ruling is stated after it.

"1. Upon the whole evidence the plaintiff cannot recover." "Not given."

"2. The contract of sale called for delivery of the goods at the defendant's place of business." "Not given — predicated on a fact not found."

"3. To establish the defendant's liability, the plaintiff must deliver the goods at the defendant's place of business, as designated in the order." "Not given — predicated on a fact not found."

"4. The plaintiff was responsible for the goods while in transit and until delivery at the defendant's store." "Not given — not applicable to fact found."

"5. Possession had not changed from the plaintiff to the defendant." "Not given — contrary to fact found."

"6. The goods were sold by sample and selected and shipped by the seller, and the buyer had the right of inspection and verification before acceptance. There was no acceptance until he had exercised this right or waived it." "Not given — not applicable to facts found."

The judge found for the plaintiff, and, at the request of the defendant, reported the case to the Appellate Division, who dismissed the report. The defendant appealed.

*J. E. Kelley,* for the defendant.

*P. Rubenstein,* for the plaintiff.

PIERCE, J. This is an action of contract brought by the seller to recover from the buyer the price of goods ordered from samples shown at the buyer's store.

The evidence warranted the finding of the presiding judge, "that the defendant directed the plaintiff to ship the merchandise in suit by Mahoney's Express, and that the defendant was to pay the express charges for transportation." The judge was not bound to believe the testimony of the defendant that the goods were to be delivered to the defendant at his store in Hyde Park. Nor was he required to rule that the order sent by the salesman, "Send to I. Radkay, Hyde Park Ave. . . . ," constituted a special or implied contract that the title to the goods should not pass until delivery to the buyer at Hyde Park. St. 1908, c. 237, § 19, Rule 5,

§ 43. The evidence warranted a finding that the plaintiff selected and packed the goods as ordered, and delivered them for transmission to the defendant to Mahoney's Express, the carrier or bailee named by the defendant for that purpose. St. 1908, c. 237, § 19, Rule 4 (2). The goods were destroyed by fire while in the possession of Mahoney's Express.

The request to rule that "Upon the whole evidence the plaintiff cannot recover," could not have been given rightly. The judge by his refusal to rule as requested must be taken to have found that there was no agreement that the title should not pass until delivery at the place of business of the defendant, and to have ruled as he did rule "that the title to the merchandise passed to the defendant upon delivery to Mahoney." *Twitchell-Champlin Co.* v. *Radovsky*, 207 Mass. 72. *P. Garvan, Inc.* v. *New York Central & Hudson River Railroad*, 210 Mass. 275.

The finding of fact necessarily made by the judge in refusing the first request, also necessitated a refusal to give rulings numbered 2, 3, 4 and 5.

The sixth request, "The goods were sold by sample and selected and shipped by the seller, and the buyer had the right of inspection and verification before acceptance. There was no acceptance until he had exercised this right or waived it," is sound as a general statement of the law governing sales by sample, but is inapplicable, and could not have been given when the goods were lost by fire or otherwise, and, as here, in pursuance of the terms of the contract they were to be and were in fact delivered to a carrier chosen by the purchaser. Williston on Sales, § 473, and cases cited. After the passing of title the risk of loss and other incidents of ownership fall upon the buyer. *Murphy* v. *Sagola Lumber Co.* 125 Wis. 363, 368. *McNeal* v. *Braun*, 24 Vroom, 617, 620, *et seq.* *Skinner* v. *Griffiths & Sons*, 80 Wash. 291, 293.

The order of the Appellate Division, "Report dismissed," must be affirmed.

*So ordered.*