EDWIN G. NORMAN, trustee in bankruptcy, *vs.* J. ARTHUR BARNES.

SAME *vs.* A. EUGENE MESSIER.

Worcester.    November 12, 1936. — November 29, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, & QUA, JJ.

*Practice, Civil,* Appeal; Auditor: report, trial on report only; Case stated; Rule 88 of the Superior Court (1932). *Stockbroker.*

After the filing of an appeal from a finding and order of judgment by a trial judge who under Rule 88 of the Superior Court (1932) had heard the action without jury solely upon the report of an auditor whose findings were not to be final, the report could not be converted into a case stated by the allowance of a motion that it be printed with the record; it still was only evidence and not properly a part of the record.

No appeal lay from a general finding and order for judgment by a trial
   judge who without a jury under Rule 88 of the Superior Court (1932)
   heard an action at law upon the report of an auditor whose findings
   were not to be final as the only evidence.

The decision in *Palley* v. *Worcester County National Bank*, 290 Mass. 501,
   governed questions sought to be raised in an action involving the same
   bankrupts and the same methods of transacting business as stock-
   brokers.

Two ACTIONS OF CONTRACT. Writs in the Superior Court
dated February 17, 1934.

The actions were heard by *Goldberg*, J., upon the reports
of an auditor as described in the opinion. The defendants
appealed from findings and orders of judgment.

The cases were submitted on briefs.

*F. P. McKeon*, for the defendants.

*E. G. Norman*, for the plaintiffs.

RUGG, C.J. These two actions of contract were brought
by the trustee in bankruptcy of Riley, Fitzgerald and Com-
pany, a partnership (hereafter called the bankrupts), to
recover alleged balances due the bankrupts as a result of
trading by each defendant upon margin accounts in stock
transactions. The actions were referred to an auditor, who
filed a comprehensive report in each case. The plaintiff
was appointed trustee in bankruptcy and was duly author-
ized to bring each of these actions.

The facts disclosed by statement or necessary inference
by the reports of the auditor are substantially the same as
to each case. The bankrupts were stockbrokers who made
purchases and sales of securities for each of the defendants.
The relation of each defendant to the bankrupts was that
of marginal customer. The bankrupts carried in these
accounts of the defendants, as marginal security, the securi-
ties purchased on order of the defendants and other securi-
ties deposited by them. These purchases and sales were
actually made through a second broker upon the order of
the bankrupts and upon the bankrupts' single marginal
account. The orders from the customers of the bankrupts
were performed by the second broker upon orders from the
bankrupts. The names of the customers of the bankrupts
were not communicated to the second broker. Each de-

fendant was required by the bankrupts to maintain a twenty-five per cent margin on transactions with them, and the bankrupts agreed to carry for him transactions in securities on that margin. The bankrupts were required to maintain a similar margin with the second broker. The second broker paid the full price for securities bought and charged the amounts so paid against the bankrupts, who charged such amounts against their customers. The bankrupts confirmed in writing to their customers the execution of their orders. The securities purchased by the second broker, together with other securities, were held as collateral security for the single margin account of the bankrupts. There was no evidence of any specific oral or written contract or notice purporting to give the bankrupts the right to pledge the collateral of the defendants. There was no evidence of waiver by the defendants of notice of intended sale. Neither defendant received notice relative to any intended sale of securities carried for his account. In the serious depreciation in the market price of stocks in October, 1929, demands were made by the second broker upon the bankrupts for more cash or securities to maintain their margins. The bankrupts could not meet these demands. They made a voluntary assignment for the benefit of creditors and were the objects of an involuntary petition in bankruptcy. Consequently, the second broker sold enough collateral to satisfy his claims and transmitted to the plaintiff the surplus proceeds together with unsold collateral. No demand was made upon the defendants for further collateral. The bankrupts pledged certain securities carried in the marginal accounts of both defendants with a trust company as security for general loans to the bankrupts, and those securities were sold by the trust company. It was the practice of the second broker to charge interest against the bankrupts at the current rate for call money. The bankrupts charged their customers one per cent more for interest than the rate charged by the second broker. The bankrupts, on the first day of each month while open for business, sent each customer a carbon copy of the last page of the ledger showing such customer's

account, indicating the balance, if any, and what securities, if any, were being carried. This was done in the case of each defendant, who never made any objection. The plaintiff as trustee in bankruptcy sold unidentifiable securities in his possession corresponding in kind to those carried by the bankrupts in the accounts of the defendants and credited the account of each defendant with his proportional amount of the proceeds. The ledger accounts of the bankrupts were found to be correct up to the time of closing. The finding of the auditor was in favor of the plaintiff against each defendant.

The findings of fact of the auditor were not to be final. After the auditor's reports were filed, each defendant filed a notice of insistence upon trial by jury and of reservation of right to trial upon numerous issues. Rule 88 of the Superior Court (1932). A declaration in set-off was filed by each defendant for money had and received by the plaintiff to the defendant's use. Thereafter, the plaintiff and the defendant in each case each filed a motion that judgment be entered in his favor on the auditor's report. The trial judge in each case, on December 13, 1935, made "Findings and Rulings," stating in substance that the case was heard upon the auditor's report, that it appeared by that report that a specified amount was due from the defendant, that no demand was made at any time upon the defendant, and that the plaintiff was entitled to interest from the date of the writ; finding for the plaintiff in the main action in a definite amount and finding for that plaintiff on the defendant's declaration in set-off; and ordering that judgment be entered for the plaintiff for that definite amount. In each case the trial judge on the same date filed a signed statement to the effect that he found for the plaintiff on his declaration and assessed damages in the sum specified in his findings and rulings.

The defendant in each case took exceptions to the decision of the judge finding in favor of the plaintiff, but these were not pressed. On December 31, 1935, each defendant appealed.

The cases are not rightly here. By the plain terms of the

governing statute (G. L. [Ter. Ed.] c. 231, § 96) "appeal now is available as a means for bringing to this court for review errors of law alleged to have been committed by the Superior Court in civil actions or proceedings at law in only three instances: *First*, where an order has been entered sustaining or overruling a demurrer on the ground that the facts pleaded do not in law support or answer the action; *Second*, where an order for judgment has been entered on a case stated; and *Third*, where an order has been entered 'decisive of the case founded upon matter of law apparent on the record.'" *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133, 134. *Allis-Chalmers Manuf. Co.* v. *Frank Ridlon Co.* 248 Mass. 41, 42.. Obviously the cases at bar do not fall within the first class of cases where appeal is permissible. They do not fall within the second class of cases. There was no agreement or order that the facts stated in the auditor's reports were to be accepted as final. Therefore, his report was not equivalent to a case stated. *Merrimac Chemical Co.* v. *Moore*, 279 Mass. 147, 152. *Beckwith* v. *Boylston*, 284 Mass. 279, 280. *Robinson* v. *Lyndonville Creamery Association*, 284 Mass. 396, 398. *Royal Paper Box Co.* v. *Munro & Church Co.* 284 Mass. 446, 448. *Raymond* v. *Davies*, 293 Mass. 117. *Ott* v. *Comeau*, 297 Mass. 108.

The auditor's reports were no part of the record of the cases. *Davis* v. *Gay*, 141 Mass. 531. *McMillan* v. *Gloucester*, 244 Mass. 150, 151. *Gallagher* v. *Phinney*, 284 Mass. 255, 257. On July 13, 1936, over six months after the appeal, the defendant in each case filed a motion that a full and extended record be made including the report of the auditor. That motion was allowed on the same day but not by the judge who heard the case. Apparently, that motion was founded on General Rule as to the Records of the Supreme Judicial Court and the Superior Courts, § 9, 252 Mass. 612, 614. G. L. c. 221, § 27. This was not sufficient to render the cases in all the circumstances appealable under G. L. (Ter. Ed.) c. 231, § 96. The defendants are not aided by Rule 88 of the Superior Court (1932). That rule relates to procedure upon reports of auditors

whose findings of fact are not final. It provides that, where the trial is by the judge without jury upon the auditor's report alone, it may be had by motion for judgment upon the report. The auditor's report is only evidence. It is not thereby converted into a case' stated. It is the duty of the judge to find the facts upon the auditor's report as evidence. *Lovell* v. *Commonwealth Thread Co. Inc.* 280 Mass. 243, 245, 246. *Ballou* v. *Fitzpatrick*, 283 Mass. 336, 338. The cases at bar are not appealable on this ground. *Mathews* v. *Hathaway Baking Co.* 284 Mass. 328. *Palumbo* v. *Bambini*, 295 Mass. 427.

The parties, however, have presented the cases in argument as if the auditor's report were a case stated. It may not be inappropriate to add that, treated on that footing, the cases are governed in every aspect by *Palley* v. *Worcester County National Bank*, 290 Mass. 501. That was a case involving the same bankrupts, the same ·methods of transacting business, and the same principles of law as the cases at bar. The governing rules of law were there discussed with great fullness. It would be vain to cover again the ground there so completely considered. The defendants made no attempt to distinguish it from the cases at bar.

In each case the entry may be

*Appeal dismissed.*