Keniston, J.
This is an action of contract in which the plaintiff seeks to recover damages from the defendant for failure to deliver a case of merchandise received by the defendant on September 28, 1938, from the New England Manufacturing Company at Pawtucket, Rhode Island, for the purpose of transporting and delivering the same to the plaintiff at Boston.
The defendant’s answer consists of a general denial and a further answer that the case of goods were returned to the shipper for the reason that they were unfit for shipment.
The defendant admitted that on the day in question he was a common carrier; that he received the goods from the New England Manufacturing Company and did not deliver the same to the plaintiff.
At the trial there was evidence tending to show that some time prior to September 28, 1938, unbeknown to the defendant, the plaintiff placed certain materials at the place *345 of business of the consignor, the New England Manufacturing Company at Pawtucket, Rhode Island, to be made up into garments; that on that date the defendant received from the consignor at Pawtucket, a case of finished garments consigned to the plaintiff at Boston, Massachusetts, for which the defendant issued his receipt in which it was stated that there was consigned to ‘ ‘ American Garment Co., Washington Street, Boston, 1 Case #299, Collect. Received in good condition except as noted.”
That the defendant after receiving the case of goods conveyed it to his terminal at Pall River, Massachusetts and on October 1, 1938, returned the case to the consignor and received a receipt therefor signed by the consignor in which it was stated that “1 C s. #299 Ret. on acct. of case not fit to ship Am. Garment Co. Case Broken. Received in good condition except as noted.”
That the case weighed four or five hundred pounds; that two sides of the case were broken; that each break was about two or three feet in size and that the goods were protruding and were soiled.
On or about April 20, 1939, the defendant notified the plaintiff that on October 1, 1938, he returned the case of goods to the consignor.
This was all the evidence material to the questions involved.
The plaintiff made the following requests for rulings:
1. That upon receipt of the goods in question by the defendant from the consignor, the defendant became duty bound to convey the goods and deliver them to the consignee, subject only to a Hen for carting charges.
2. That by accepting the goods in question from the consignor with directions to deliver same to the plaintiff, the defendant impliedly promised to perform the duty imposed upon him, namely, to deliver the goods in question to the consignee, the plaintiff in this action.
*346 3. The failure to deliver the goods in question to the plaintiff, who was the consignee, constitutes a breach of duty on the part of the defendant, entitling the plaintiff to damages.
4. That the measure of damage that the plaintiff suffered by reason of the defendant’s failure to deliver the goods in question to it, is the value of the goods at the plaintiff’s place of business at the time when the goods should have been delivered.
5. The title to the goods in question passed to the plaintiff as soon as they were delivered by the consignor to the defendant.
6. That the fact that the defendant after having kept the goods in question from the consignor and after having kept the goods in question in his possession or under his control for two or three days, then returned it to the consignor, does not preclude the plaintiff, who was the consignee, from maintaining this action against the defendant for the breach of his implied promise to deliver the goods to the plaintiff as directed by the consignor.
7. That upon the evidence that on the twenty-eighth day of September, 1938, the defendant received from the New England Manufacturing Company at Pawtucket, Rhode Island a case of Merchandise consigned to the plaintiff and issued his receipt therefor and according to the tenor of the said receipt, the case of merchandise in question was then in good condition; that the case of goods in question was never delivered by the defendant to the plaintiff; that the plaintiff seasonably demanded from the defendant the delivery of goods in question or compensation for the loss that it suffered; that up to or on or about April 20, 1939 the defendant admitted the loss and attempted to make an adjustment; that on or about April 20, 1939, for the first time, the defendant alleged that he returned the *347 goods in question to the consignor giving as a reason therefor that when the case of goods arrived at the defendant’s terminal, at Fall River, it was then not in shipping condition as the goods were exposed, and that on October 1,1938, he returned the goods to the consignor, the plaintiff may maintain an action against the defendant for non-delivery or misdelivery, entitling the plaintiff to recover from the defendant the damage that it suffered by reason of the aforesaid.
8. That upon evidence hereinbefore recited, the plaintiff is entitled to recover from the defendant the value of the goods at the place of business of the plaintiff at the time when they should have been delivered.
The Court denied the plaintiff’s requests for rulings 1, 2, 3, 4, 6 as being immaterial and denied requests for rulings 5, 7, 8.
The Court made the following findings of ruling of law:
“I find as a fact that the parcel of goods was received by the defendant from the New England Manufacturing Company at Pawtucket, Rhode Island on September. 28, 1938 and that the parcel was in good order and well conditioned as to all circumstances which were open to inspection and visible; that thereafter, it appearing that the goods were not properly packed for shipping in that the contents were protruding from the container, the defendant returned the parcel to the New England Manufacturing Co. the shipper who accepted the return of the same and gave receipt therefor, and that the plaintiff has not sustained the burden of proving its title'to the goods.”
“I rule that the return of the parcel by the defendant to the shipper and the shipper’s acceptance of the same put an end to the contract of carriage ’ ’; and found for the defendant.
The ordinary rule is that, in case of sales of goods to be shipped by the vendor from one place to another, delivery *348 to the carrier is delivery to the buyer unless there is special agreement to the contrary. Edelstone v. Schummel, 233 Mass. 45, Fechteler v. Whittemore, 205 Mass. 6, 11, Twitchell-Champlin Co. v. Radovsky, 207 Mass. 72, 75, Levy v. Radkay, 233 Mass. 29, Gren’l Laws (Ter. Ed.) Chap. 106, Sec. 35, Cl. 1.
It does not follow, however, that in every delivery of goods by a consignor to a consignee title passes to the consignee upon delivery. That a party is named as consignee in a bill of lading is some evidence of title but is not conclusive and the burden of proof is upon the party claiming title. Rosenbush v. Bernheimer, 211 Mass. 146, 149, Coleman v. New York, N. H. & H. RR., 215 Mass. 45, 47, New York Central & H. R. R. R. v. Whiting & York Co., 230 Mass. 206.
The Court found that the plaintiff had not sustained the burden of proving its title to the goods. This finding was justified. There was no evidence of a sale between the consignor and the plaintiff. The evidence that the plaintiff had sometime prior to the shipment placed materials with the consignor to be made up into garments did not require a finding that the goods contained in the shipment were made from these materials. This evidence may not have been believed.
The rights of a consignee against a carrier are either in tort for a breach of the duty imposed upon the latter by law by virtue of his right of possession or, if owner, by virtue of his right of property, or in contract, where the consignor is acting as agent for the consignee, or are implied by law. Blanchard v. Page, 6 Gray 281, Finn v. Western R. R. Corp., 112 Mass. 524, 530, Henry J. Perhins Co. v. American Express Co., 199 Mass. 561, 565, 566, Batchelder & Snyder Co. v. Union Freight R. R., 259 Mass. 368.
In any of these views of the consignee’s rights, such rights are subject to the terms of the contract made by the *349 consignor with the carrier. Squier v. New York Central R. R., 98 Mass. 239, Henry J. Perkins Co. v. American Express Co., 199 Mass. 561, 565, 566.
The signing of a bill of lading by the carrier, acknowledging that the goods are received in good order is prima facie evidence that to all circumstances, which are open to inspection and visible, the goods are in good order, but it does not preclude the carrier from showing in case of loss or damage, that the loss resulted from some cause which existed but was not apparent when he received the goods, and which, if shown satisfactorily, will relieve the carrier from liability. Hastings v. Pepper, 11 Pick. 40, 43, Canney v. American Express Co., 222 Mass. 348, 349, Northern, Etc. Co. v. Dir. General of RRs, 249 Mass. 246, 254.
The Court has found as a fact that the goods were not properly packed for shipping.
This would relieve the carrier from loss resulting therefrom : Hastings v. Pepper, 11 Pick. 40, 42, Carnney v. American Express Co., 22 Mass. 348, or justify the carrier in refusing to accept the goods for shipment, L. L. Cohen v. Director Gen’l of R. R.’s, 247 Mass. 259, 264, or in returning them to the consignor after the condition was discovered.
The consignor having accepted the return of the case and having receipted for the same as “not fit to ship,” the finding of the Court that the contract of shipment was terminated was justified, and the consignee is bound by the action of the consignor and his rights against the carrier were thereby terminated.
There was no error in the denial by this court of the defendant’s requests for rulings 5, 7 and 8, and the requests for rulings 1, 2, 3, 4 and 6 became immaterial in view of the findings of facts by the Court.
Report dismissed.