offer was made to qualify him as such. His opinion, therefore, is probably not evidence and not to be considered by us as such. But even if it be considered, it adds nothing to the evidence.

In *Monahan* v. *Economy Grocery Stores, supra,* at page 550, the Court says, "Her | (the plaintiff's physician) diagnosis of 'food poisoning' as a result of eating corn chowder, which she was permitted to give, was merely an inference from facts already stated and added nothing to the possible inferences from those facts." This reasoning would seem to apply with equal force to the instant case.

The burden of proving that her illness was due to the unwholesomeness of the western sandwiches was an affirmative one resting on the plaintiff, which could not be left to surmise, conjecture or imagination. We are of the opinion that the evidence most favorable to the plaintiff did not afford a basis for more than a conjecture that her illness was due to an unfit condition of the western sandwiches. *Monahan* v. *Economy Grocery Stores, supra.*

There was prejudicial error in denying the defendant's first, third and fourth requests for rulings.

Finding for the plaintiff is to be vacated and judgment entered for the defendant.

No. 149610 Municipal Suffolk, ss.
SEMENTE (Paul H. Snow, Joseph H. Cieri, Henry Lawlor)
v. BOSTON AND MAINE RAILROAD (R. W. Hall)
From the Municipal Court of Boston—Donovan, J.
Argued October 27, 1941—Opinion filed December 15, 1941

RILEY, J. (Putnam, C. J., and Tomasello, J.)—This is an action of contract or tort to recover for damage caused to a shipment of grapes while in transit from Glendale, California, to Boston, Massachusetts, in October, 1940.

The trial judge made the following findings of fact, "I find that the damage to said grapes resulted from the negligence of said Cataldo, while acting as agent for the plaintiff. If this finding of fact is deemed not warranted by the evidence, I find that the plaintiff has not sustained his burden of proof."

The defendant offered no evidence.

At the appropriate time the plaintiff filed requests for rulings of law upon which the trial judge acted. The plaintiff claims to be aggrieved by the judge's denial of his request numbered 6, and by the judge's action in amending requests numbered 2, 3, 7 and 8, before allowing them.

The Court found for the defendant generally.

We treat first the question relating to power of the trial judge to amend a request. An examination of the requests which the trial judge amended clearly shows that until amended they did not consist of complete statements of law in view of

the evidence and the issue raised thereby. A judge may properly refuse to make a ruling of law in the form requested if he believes it to be incomplete, *Whitney* v. *Lynch.* 222 Mass. 112, and he is not required to grant a request in the precise language in which it is framed, provided the subject matter is adequately and properly covered. *Leave* v. *Boston Elevated Railway,* 306 Mass. 391 at 404.

The trial judge found as a fact that the grapes were damaged due to the negligence of Cataldo (plaintiff's agent). Such a finding was warranted on the evidence of Cataldo's unloading of the boxes of grapes from the truck, each time it arrived at the Glendale depot, and placing them upon the railroad platform and allowing them to remain in the hot sun before being loaded into the railroad car.

The recital by the railroad in the bill of lading that the goods were received in apparent good order, though *prima facie,* is not conclusive evidence that the goods were free from interial injuries. *Richards* v. *Doe,* 100 Mass. 524.

It was incumbent on the plaintiff to show that the damage to the grapes occurred while they were in the carrier's possession.

Request numbered 6 was properly denied. The trial judge found as fact that the damage occurred before the grapes were received by the carrier.

There is no error. Report dismissed.

No. 949 Southern Suffolk, ss.
CALLAHAN (Thomas J. Kelly)
v. JORDAN MARSH COMPANY (Merritt J. Aldrich)
From the Municipal Court of the West Roxbury District
—MacDonnell, J.
Argued Oct. 16, 1941—Opinion filed Nov. 21, 1941

ROLLINS, J. (Estes, A. P. J., and Briggs, J.)—This is an action of tort in which the plaintiff seeks to recover compensation for personal injuries received by her in the store of the defendant where she was a customer.

The evidence tended to show the following facts:

The plaintiff started to leave the store shortly after 5 o'clock P. M. by the Avon Street entrance (which is also an exit). The first floor of the store at this point is of marble and is above the level of the entrance doors which are reached by descending four steps. A metal plate about three-eighths of an inch in thickness and about 8 or 10 inches in width is affixed to the marble floor at the top of the stairs. A rubber rug or mat about 9x12 feet in size is ordinarily and normally flush with the back edge of the plate.