GROSSMAN INDUSTRIAL PROPERTIES, INC.
*vs.* GEORGE A. COLLEY.

Barnstable. March 5, 1969. — April 7, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Practice, Civil,* Appeal.

No appeal lay under G. L. c. 231, § 96, from allowance by the Superior Court of a motion for judgment on the report of an auditor whose findings were not to be final in an action at law heard solely on the report.

CONTRACT. Writ in the Superior Court dated April 28, 1967.

A motion by the plaintiff for judgment on an auditor's report was allowed by *Taveira,* J.

The case was submitted on briefs.
*Frank J. Richards* for the defendant.
*Robert T. Malone* for the plaintiff.

SPALDING, J. This action of contract was referred to an auditor whose findings were not to be final. After the report was filed the case was heard solely on the report. The plaintiff moved for judgment on the report and the motion was allowed. The defendant appealed.

The defendant's appeal, which is under G. L. c. 231, § 96, is not properly here. Section 96 brings "to this court for review errors of law alleged to have been committed by

the Superior Court in civil actions or proceedings at law in only three instances: *First,* where an order has been entered sustaining or overruling a demurrer on the ground that the facts pleaded do not in law support or answer the action; *Second,* where an order for judgment has been entered on a case stated; and *Third,* where an order has been entered 'decisive of the case founded upon matter of law apparent on the record.' " *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133, 134. Obviously the case at bar does not fall within the first category. Nor does it come within the second. Although auditors' reports where the findings are final are treated as the equivalent of a case stated (*Merrimac Chem. Co.* v. *Moore,* 279 Mass. 147) that is not true of reports where the findings are not to be final. *Norman* v. *Barnes,* 298 Mass. 434, 438. And there can be no appeal under the third category mentioned in § 96, which permits an appeal by one aggrieved "by any order decisive of the case founded upon matter of law apparent on the record," for an auditor's report (findings not final) is no part of the record. *Norman* v. *Barnes, supra,* 438. *Pheeney* v. *Malden Coal Co.* 300 Mass. 60, 61.

The only way in which the defendant could have brought the case here was by exceptions. *Mathews* v. *Hathaway Baking Co.* 284 Mass. 328, 329. And in such a case the report becomes part of the record only by being embodied in the bill of exceptions. *Ballou* v. *Fitzpatrick,* 283 Mass. 336. *Pheeney* v. *Malden Coal Co., supra,* 61. *Boston Edison Co., petitioner,* 341 Mass. 86, 89. See *Harrington* v. *Anderson,* 316 Mass. 187, 191–193. There it was said at page 193, "Counsel who choose a restricted remedy like appeal under § 96 may not expect to find it the equivalent of the broader remedy of exceptions."

It follows that the appeal must be dismissed. If, as is likely, it is too late to bring the case here by exceptions, the judge, if he deems that justice requires it, may in his discretion report the case.

*Appeal dismissed.*