PLASTILEATHER CORPORATION *vs.* THE AETNA
CASUALTY AND SURETY COMPANY.

Suffolk.   January 6, 1972. — March 7, 1972.

Present: CUTTER, REARDON, BRAUCHER, & HENNESSEY, JJ.

*Practice, Civil,* Appeal.   *Evidence,* Prima facie evidence, Bill of lading.

In an action at law, an appeal did not lie under G. L. c. 231, § 96,
from a Superior Court judge's general finding based solely upon an
auditor's report where the auditor's findings were not to be final.
[357]
In an action of contract on an insurance policy issued by the defendant
against damage to bales of goatskins during shipment from Offen-
bach, Germany, to a Massachusetts city, where it appeared that
some of the goods arrived at their destination in a damaged con-
dition, a carrier's issuance of a "clean" bill of lading at Hamburg,
Germany, constituted prima facie evidence only as to the external
condition of the bales and did not warrant a presumption, or a find-
ing by an auditor based thereon, that the contents of the bales had
been damaged after leaving Hamburg; and on the record the plain-
tiff did not sustain its burden of proof that the damage occurred
during the shipment, and a general finding for the defendant was
proper.   [357–359]

CONTRACT.   Writ in the Superior Court dated Decem-
ber 22, 1966.

The action was heard by *Kalus,* J., upon an auditor's
report.

*Walter E. Doherty, Jr.,* for the plaintiff.
*Andrew F. Lane* for the defendant.

BRAUCHER, J.   In this action of contract the plaintiff
sought recovery under a marine insurance policy issued
by the defendant for damage to a shipment of seventy-six
bales of goatskins from Germany to Haverhill.   The case
was referred to an auditor.   After the auditor's report
was filed, the parties waived their right to trial by jury
and their right to introduce testimony other than the
report.   The judge found for the defendant, and the
plaintiff appealed under G. L. c. 231, § 96.

The record nowhere indicates that the auditor's findings of fact were to be final, either by the terms of the order of reference or by stipulation after the report was filed as in *Pesce* v. *Brecher*, 302 Mass. 211, 212, and *Rivers* v. *Krasowski*, 303 Mass. 409, 410. There was therefore no "case stated" within G. L. c. 231, § 96, and the appeal must be dismissed. *Norman* v. *Barnes*, 298 Mass. 434, 438. *Grossman Industrial Properties, Inc.* v. *Colley*, 355 Mass. 578, 579.

In the *Grossman* case we said, "If, as is likely, it is too late to bring the case here by exceptions, the judge, if he deems that justice requires it, may in his discretion report the case." In this case, however, the sole question sought to be presented is whether the auditor's findings support the judge's finding for the defendant, and we think they do. The issue has been fully argued. To avoid unnecessary further proceedings, therefore, we indicate the reasons for our opinion. See *Wellesley College* v. *Attorney Gen.* 313 Mass. 722, 731; *McLaughlin* v. *Board of Appeals of Harwich*, 359 Mass. 416, 419.

The bales in question were shipped from Madras, India, in 1963 and 1964, and were in a warehouse in Offenbach, Germany, when they were sold to the plaintiff in June, 1965. They were inspected at the warehouse, and their external appearance and outer wrappings did not reveal any external evidence of water damage. They were then taken by truck from Offenbach to Hamburg, Germany, loaded on a marine carrier under the control of the Holland America Line and taken to Rotterdam. They were taken by the vessel "Soestdyk" from Rotterdam to Boston and by truck from Boston to Haverhill, where seventy-one bales arrived on August 5, 1965. Because of an error the other five bales arrived later. Some of the goods in each group arrived in a damaged condition indicating "old water damage." The bales were then dry and their burlap wrappers, though some were torn and loose, were not stained or discolored.

The insurance policy insured the merchandise against the perils of transportation from Offenbach to Haverhill.

The Holland America Line issued a "clean" bill of lading at Hamburg showing that the goods, which were then wrapped entirely in burlap covering, were "in apparent good order and condition." The damage did not occur after the goods left Rotterdam, and if no presumption is applicable the plaintiff did not sustain its burden of proof that the damage occurred somewhere between Offenbach and Rotterdam. Solely on the basis of a presumption arising from the issuance of the "clean" bill of lading, the auditor found that the damage occurred between Hamburg and Rotterdam, and found for the plaintiff. The judge, without explanation, found for the defendant and must have disagreed as to the existence or effect of the presumption.

It seems to be common ground that in an action against the carrier the bill of lading issued by it would be "prima facie evidence of the receipt of the merchandise therein described." 27 Stat. 445, 46 U. S. C. § 193 (1970). See § 3 (4) of the Federal Carriage of Goods by Sea Act, 49 Stat. 1208, 46 U. S. C. § 1303 (4) (1970). Compare G. L. c. 106, § 7–301 (1) ; *Richards* v. *Doe,* 100 Mass. 524, 526; *Canney* v. *American Exp. Co.* 222 Mass. 348, 349; *L. L. Cohen & Co. Inc.* v. *Director Gen. of Railroads,* 247 Mass. 259, 265; anno. 33 A. L. R. 2d 867, 872–879. The plaintiff contends that the same rule is made applicable against the insurer by the Uniform Commercial Code, G. L. c. 106, § 1–202, under which a bill of lading "authorized or required by the contract to be issued by a third party shall be prima facie evidence . . . of the facts stated in the document by the third party." As to the effect of such "prima facie evidence," compare *Cook* v. *Farm Serv. Stores, Inc.* 301 Mass. 564, 566–569, with California Uniform Commercial Code (Deering 1970) § 1202, and Law Revision Commission Comment, p. 30. See Bigham, Presumptions, Burden of Proof and the Uniform Commercial Code 21 Vanderbilt L. Rev. 177, 178–180, 184.

We need not discuss these issues further. Nor need we decide whether "prima facie evidence" that the bales were "in apparent good order and condition" at Ham-

burg warrants a finding that the contents of the bales, concealed from view, had not then been damaged by water, for we agree with the defendant that no such finding is compelled, since the bill of lading is prima facie evidence as to external conditions only. *McNeely & Price Co.* v. *The Exchequer*, 100 F. Supp. 343, 344 (E. D. Pa.). See *The Niel Maersk*, 91 F. 2d 932, 933 (2d Cir.), cert. den. sub nom. *Bradley* v. *The Niel Maersk*, 302 U. S. 753; *Reider* v. *Thompson*, 197 F. 2d 158, 161 (5th Cir.) ; *F. Badrena E. Hijo, Inc.* v. *The Rio Iguazu*, 182 F. Supp. 885, 891 (E. D. La.) ; *Samincorp So. Am. Minerals & Merchandise Corp.* v. *S.S. Cornwall*, 240 F. Supp. 327, 328 (D. Md.). Since such a finding was essential to the plaintiff's case and was not made by the judge, his general finding for the defendant was proper.

*Appeal dismissed.*