MARY VENO *vs.* CITY OF WALTHAM.

Middlesex.   January 16, 1893. — March 2, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Personal Injuries — Defect in Sidewalk — Notice to City — Evidence.*

In an action against a city for personal injuries the notice stated that " on said School Street near the junction of Spring Street with said School Street in said W., to wit, on the sidewalk on the south side of said School Street, about fifty feet from said Spring Street, I fell," etc.   There were two places on the sidewalk on the south side of School Street near its junction with Spring Street, and about fifty feet from Spring Street; one of which places was east of the junction, and the other west, and each of which was equally well described.   There was no intention to mislead the city.   In addition to the fact that the two places, either of which might be the place designated, were in the same neighborhood, and each was so near the intersection of the two streets that any officer of the city who should examine the locality would naturally perceive the ambiguity, and be led to visit both places, and to inquire which was the scene of the accident, there was evidence that the city officials

had fully investigated the facts relating to the accident and the place where it occurred, and that the plaintiff had stated all the circumstances to the committee on claims of the city government at a meeting, at which the city solicitor was present, held shortly after the service of notice, and at which the chief of police stated all the facts in his possession. The judge directed a verdict for the defendant. *Held*, that the notice was sufficient if it was shown that there was no intention to mislead, and that the city was not in fact misled thereby, and that the case should have been submitted to the jury.

TORT, for personal injuries occasioned to the plaintiff by reason of falling on a sidewalk situated in a highway which the defendant was bound to keep in repair.

At the trial in the Superior Court, before *Braley*, J., the plaintiff testified that she lived at No. 166 School Street, Waltham ; that on March 9, 1890, she fell upon the sidewalk on the south side of School Street, about fifty feet east of Spring Street, a place almost in front of her door, and near No. 168 on School Street, and broke her wrist; and that her fall was occasioned by an accumulation of rough ice on the sidewalk. She then put in evidence a notice in writing to the defendant, which stated that " on said School Street near the junction of Spring Street with said School Street in said Waltham, to wit, on the sidewalk on the south side of said School Street, about fifty feet from said Spring Street, I fell and suffered serious bodily injury thereby." It was admitted that proper service of the notice was made upon the defendant on April 8, 1890. It was shown by the testimony of the city engineer that School Street ran east and west, and that Spring Street led from the south side of School Street at about a right angle. It was also shown that the plaintiff lived in the east tenement of a double house, situated on the corner of Spring and School Streets; that the north side of the house faced School Street, and the west end Spring Street; that on the north side of the house two doors, a few feet apart, opened into School Street; that one was numbered 166, and was the door leading into the plaintiff's tenement in the eastern half of the house; that the other was numbered 168, and led into another tenement in the western part of the house ; that steps came down from each of these doors to within a few inches of the street line on the south side of School Street; that a point on the sidewalk on the south side of School Street, about thirty-five feet east from

the east corner of School and Spring Streets, would be situated
before the doorway of No. 166, and would be substantially the
place described by the plaintiff in her testimony, and in her
statements to members of the police department and to the
committee on claims, as the place where the accident occurred;
and that the plaintiff admitted that the notice would describe a
spot on either side of Spring Street as the place of the accident.
The judge ruled that the notice was insufficient. In order to
cure any deficiency of the notice in describing the place of the
accident, and to show that the defendant was not in fact misled
thereby, the plaintiff testified that on April 4, 1890, the chief
of police, together with a patrolman named Cater, called upon
her at her house, and inquired the circumstances of the acci-
dent, and that she told them the circumstances, and the place
where the accident occurred, substantially as she told them in
her testimony; and that she subsequently appeared at a meet-
ing of the committee on claims, at which the city solicitor
was present, and there stated all the circumstances substan-
tially as she told them in her testimony. It was agreed that
the committee on claims was a committee of the board of alder-
men of the city, whose duty it was to investigate all claims
against the city referred to it by the board of aldermen, and to
report thereon to the board; and that the meeting of the com-
mittee on claims at which the plaintiff appeared was held on
April 23, 1890. A patrolman named Eastman testified that
on April 4, 1890, while on duty as a police officer, he was in-
formed of the time, place, and cause of the accident substan-
tially in accordance with the testimony of the plaintiff; and
that on that day he reported what he had so learned to the
chief of police.

The defendant objected to the admissibility of the foregoing
testimony, offered as tending to show that the city was not
misled by the description in the notice of the place of the acci-
dent, but the evidence was admitted *de bene.* The plaintiff
then offered testimony tending to show that on April 4, 1890,
the chief of police, having learned of the accident from the
patrolman Eastman, on the same day together with Cater
visited the plaintiff at her residence, 166 School Street, and
was fully informed by her of the time, place, and cause of the

accident; and that the chief of police then returned to the police station, and on the same day recorded the facts stated to him by Eastman, and those learned by himself, in a book kept by him as chief of police at the police station, for the purpose of recording, among other things, in accordance with a regulation of the city government, such facts as came to the knowledge of the police department in relation to accidents on highways in the city; and that on or shortly after April 9, 1890, the chief of police informed the city clerk of the city of Waltham of the facts in his possession in relation to the accident. The plaintiff also offered testimony tending to show that the chief of police was summoned as a witness at the meeting of the committee on claims, and that he then stated to the committee all the facts in his possession relating to the accident. It was agreed that there was no intention to mislead the defendant by the form of the notice.

The judge ruled that, upon all the evidence in the case, and upon all the evidence offered, if admitted, there was no sufficient notice to the defendant of the time, place, and cause of the accident, and no evidence admitted or offered upon which the plaintiff was entitled to go to the jury as tending to show that the defendant was not in fact misled by any inaccuracy of the notice in stating the time, place, and cause of the injury; and upon that ground directed a verdict for the defendant; and the plaintiff alleged exceptions.

*E. I. Smith*, for the plaintiff, was not called upon.

*B. B. Johnson*, for the defendant.

BARKER, J. The notice was ambiguous in its statement of the place of injury, since there were two places on the sidewalk on the south side of School Street, near its junction with Spring Street and about fifty feet from Spring Street, one of which places was east of the junction, and the other west, and each of which was equally well described. Assuming that the notice was defective in the sense of the statute, it was nevertheless sufficient, if it was shown at the trial that there was no intention to mislead, and that the city was not in fact misled thereby. Pub. Sts. c. 52, § 19. St. 1888, c. 114, § 1. It was agreed that there was no intention to mislead, and the only question is whether the jury might properly find, from the evi-

dence introduced and offered, that the city was not in fact misled. The ambiguity had very little tendency to mislead any one who should undertake to investigate the circumstances of the injury. The two places, either of which might be the one designated, were in the same neighborhood, and each was so near the intersection of the two streets that any officer of the city who should examine the locality would naturally perceive the ambiguity, and be led to visit both places, and to inquire which was the scene of the accident. Whether or not this, without evidence directly to the point, would justify an inference that the city was not misled, (*Bowes* v. *Boston*, 155 Mass. 344,) we are of the opinion that the evidence produced and offered was sufficient to justify a finding for the plaintiff upon that issue. Some of the city officials, even before the service of the notice, had been informed by the plaintiff and her attorneys of the exact place of the injury, and an investigation had been made by the chief of police, who had entered the particulars of the accident on the journal at the police station, in accordance with a regulation of the city government, and on the day after the service of the notice he informed the city clerk of the facts in his possession in relation to the accident, which facts included the correct statement of the place where it occurred. In addition to this, the plaintiff had stated all the circumstances to the committee on claims, whose duty it was to investigate all claims against the city, at a meeting of the committee at which the city solicitor was present, and which was held only fifteen days after the service of the notice, and at which the chief of police stated to the committee all the facts in his possession. The case should have been submitted to the jury.

*Exceptions sustained.*