## SARAH F. PAGE *vs.* INHABITANTS OF WEYMOUTH.

Suffolk. November 14, 1910. — January 4, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Way,* Public, defect in highway. *Negligence,* Due care of plaintiff.

A hole or gully in an earth sidewalk of a much travelled street of a town, caused by a flow of water across the sidewalk, may be found to have been a defect in a public way, and, if it is shown that this condition of things had existed there for a long time and that the authorities of the town knew of its existence or would have known of it if they had exercised due care, the town may be found to be liable to a traveller injured by reason of this defect while in the exercise of due care.

If a traveller on a public way of a town is injured by reason of a defect therein, consisting of a hole in an earth sidewalk, the fact that he had passed over the hole before on the same day and knew of its existence does not as matter of law preclude him from recovering damages from the town, and, in an action

under R. L. c. 51, § 18, for such damages, circumstances may be shown which entitle him to go to the jury on the question whether he was in the exercise of due care.

Tort under R. L. c. 51, § 18, for personal injuries alleged to have been sustained by reason of a defect in the sidewalk of Pond Street in that part of Weymouth called South Weymouth at about 6.15 p. m. on Sunday, October 7, 1906. Writ dated November 1, 1906.

In the Superior Court the case was tried before *Crosby*, J.

There was evidence that the plaintiff, a woman about fifty years of age, was walking along the west side of Pond Street from the railroad station toward a house where she was employed as a nurse ; that she came to a place where there was a hole ; that her foot went down, and it pitched her forward, " right down on my knees " ; that the plaintiff had walked over the sidewalk that morning and knew that there was a place across the sidewalk that looked like a washout; that she did not see the place when she stepped into it, as it was dark, and that she was not thinking anything about it; that she was thinking about getting home, but that she was not walking any faster than she was accustomed to walk ; that there were trees along the left hand side of the sidewalk, next to the street, and that there was a stone wall with a hedge rising above it on the right hand side; that branches of the trees overhung both the sidewalk and the street; that the hole was a washout six or seven inches deep and " wide enough to put your foot in." There was testimony tending to show that it had existed in the same condition for five or six months. The place of the accident was about one hundred yards from a light, and the lights were so placed between the trees as to throw no light at all except directly down to the ground. It was so dark at the place of the accident that " you could run into somebody before you saw them," and " you wouldn't notice the hole until you got up on to it." The superintendent of streets for the defendants testified that he had inspected the place of the accident two or three days before the accident occurred.

At the close of the evidence the defendant asked the judge to rule : (1) That " upon all the evidence the plaintiff is not shown to have been in the exercise of due care and the verdict must be for the defendant " ; (2) that " upon all the evidence the defend-

ant is not shown to have been negligent and the verdict must be for the defendant " ; (3) that " upon all the evidence the verdict must be for the defendant " ; and (4) that " if the jury find that the plaintiff upon the morning of the accident passed over the place and saw its defective condition and on returning at night walked along without paying any attention to it as she says she did, then she was not in the exercise of due care and the verdict must be for the defendant."

The judge refused to make any of these rulings, and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $3,700. The defendant alleged exceptions.

The case was submitted on briefs.

*A. P. Worthen,* for the defendant.

*H. S. MacPherson, W. H. Foster & J. B. Mahar,* for the plaintiff.

KNOWLTON, C. J. There is nothing in this case that calls for the consideration of any but very familiar rules of law, and the facts are simple. The jury properly might find that there was a defect in the earth sidewalk on a much travelled street, which was in the form of a hole or gully, caused by a flow of water across the walk; that this defect had existed there for a long time ; and that the authorities of the town knew it, or would have known it if they had exercised due care.

It was a question for the jury whether the plaintiff, at the time of the accident, was using due care. The fact that she had passed over the hole before and knew of its existence does not, as a matter of law, preclude her from recovering. *Winship* v. *Boston,* 201 Mass. 273. *Campbell* v. *Boston,* 189 Mass. 7. *George* v. *Haverhill,* 110 Mass. 506.

*Exceptions overruled.*