ALVAH A. JUNKINS *vs.* INHABITANTS OF STONEHAM.

Middlesex. October 22, 1919. — November 25, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Way,* Public: defect.

At the trial of an action against a town under R. L. c. 51, § 18, for personal in- juries alleged to have been caused by a defect in a sidewalk, there was evidence tending to show that the plaintiff lived near the place of the accident, had passed over the place daily for some months and knew of the alleged defective condi- tion; that as the plaintiff was walking on the sidewalk in the forenoon of a day in July, he "stepped on a stone and turned his ankle, which caused him to lose his balance; that in trying to gather himself, his other foot hit another stone embedded in the ground and which projected two or three inches, causing him to fall sideways to the right over" a wall, on which there was no protecting railing, a direct drop of from three to three and a half feet, upon a rock in an adjoining field. There was evidence that the sidewalk was on the outskirts of the town and that "in places good sized stones protruded where the surface

of the walk had worn away." The jury took a view of the premises. *Held*, that the questions, whether the plaintiff was exercising due care, whether the way was defective, and whether reasonable supervision by the proper town officers would have disclosed and reasonable diligence have remedied the unsafe condition, were for the jury.

TORT, under R. L. c. 51, § 18, for personal injuries suffered by the plaintiff on July 13, 1917, in the daytime and alleged to have been caused by a defect in the sidewalk of Green Street in Stoneham. Writ dated November 1, 1917.

In the Superior Court the action was tried before *Aiken*, C. J. The material evidence is described in the opinion. At the close of the evidence the defendant asked for the following rulings:

"1. That on the evidence and pleadings, the plaintiff is not entitled to recover.

"2. That there is no evidence that the plaintiff was in the exercise of due care.

"3. That there is no evidence that the defendant town was negligent.

"4. That there is no evidence of a condition amounting to a defect or want of repair in the way, for which the defendant town would be liable."

"13. The fact that the plaintiff was an inhabitant of the town and had lived near the place of the accident several years, and knew of the defect, tends to show carelessness on his part.

"14. That if the plaintiff knew of the existing defect and crossed without giving any thought to it, he cannot recover."

These rulings were refused. On the question of the due care of the plaintiff, the Chief Justice charged the jury as follows:

"I come now to Junkins' conduct. He went over this street daily and had, for some months, from the time his cow was put to pasture. He had such knowledge of the condition of the street as you may reasonably conclude a man would gather from going over the street every day with his cow. There is evidence in the case Junkins knew the conditions for some years before, as I infer he pastured his cow or had passed over this sidewalk at the point where he claims he was hurt. A man does not, by reason of his acquaintance with defective conditions, if there are such in the way, deprive himself of the right to recover. He is under obligation, however, if he is aware there are existing conditions that are dangerous, to be more cautious. The greater his acquaintance

with the defective condition, the greater the obligation upon him to conduct himself with the proper degree of care and be in mindfulness of those conditions. A person walking along the street is not obliged to keep his eyes on the ground. He might run into other dangers if he did that. He is not obliged to keep his eyes on the ground every step he takes. The obligation that is upon him is to behave in walking along the pathway as a reasonable, sensible and prudent person would act, bearing in mind, as I have already said to you, that mindfulness of defective conditions calls upon him to proceed with more care than might be the case if he were a stranger to the locality. If it is your conclusion here was a situation of which Junkins was so well acquainted that his conduct in passing over the street at the time he claims he was hurt was not that of a reasonable, sensible and prudent man, and his failure to observe the care that a reasonable, sensible and prudent man should have observed, led to his stumbling and falling over the wall, then he cannot recover, although the town may have failed to come up to the standard of safety that is imposed by the statute, namely, reasonable safety and reasonable convenience."

No exceptions were taken to the charge other than those taken to the refusal to rule as requested by the defendant. There was a verdict for the plaintiff in the sum of $900; and the defendant alleged exceptions.

The case was submitted on briefs.

*H. H. Richardson,* for the defendant.

*R. H. Willard & T. H. Bilodeau,* for the plaintiff

DE COURCY, J. Green Street is a public way in Stoneham, which the town is legally bound to keep in repair. At the place of the accident, the adjoining land is three feet, or more, below the level of the sidewalk; and there is no railing or barrier on the retaining wall. The plaintiff testified that, while walking to his home in the forenoon of July 13, 1917, he "stepped on a stone and turned his ankle, which caused him to lose his balance; that in trying to gather himself, his other foot hit another stone embedded in the ground and which projected two or three inches, causing him to fall sideways to the right over a bank wall on to a rock in the field, a direct drop of from three to three and one half feet, thereby injuring his foot. . . ." It is conceded that due statutory notice of the time, place and cause of the injury was served upon the town.

Apart from the provisions of the "due care" statute, St. 1914, c. 553, the evidence entitled the plaintiff to go to the jury on that issue. The fact that he lived near the place of the accident and knew of the alleged defective condition of the sidewalk, is not conclusive evidence that he was careless in attempting to pass over it. And the defendant's thirteenth and fourteenth requests were adequately covered in substance in the judge's charge to the jury. *George* v. *Haverhill,* 110 Mass. 506, 513. *Page* v. *Weymouth,* 207 Mass. 325. *Ginns* v. *C. T. Sherer Co.* 219 Mass. 18.

There was evidence on behalf of the defendant tending to show that this sidewalk, which is on the outskirts of the town, was reasonably safe for travel. On the other hand there was testimony "that in places good sized stones protruded where the surface of the walk had worn away," and that the stone over which the plaintiff's left foot stumbled "stuck up two or three inches." Further, the plaintiff's injury might have been avoided if a suitable railing had been erected, as it would have prevented him from falling over the wall into the rocky field below. The jury took a view of the premises. On the whole evidence we think it was for them to determine whether the way was defective at the place of the accident; and whether reasonable supervision by the proper officers of the town would have disclosed, and reasonable diligence on their part would have remedied, the unsafe condition. St. 1917, c. 344, Part IV, § 24. *Redford* v. *Woburn,* 176 Mass. 520. *Thomas* v. *Winthrop,* 222 Mass. 456. *Lyman* v. *Amherst,* 107 Mass. 339. *McMahon* v. *Harvard,* 213 Mass. 20.

<em>Exceptions overruled.</em>