PETER MITCHELL *vs.* CITY OF SPRINGFIELD.

Hampden.    September 22, 1927. — November 10, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Way*, Public: defect. *Negligence*, Contributory. *Damages*, In tort: from defect in public way.

The mere facts, appearing in an action under G. L. c. 84, § 15, for personal injuries caused in the daytime to one passing over a sidewalk, that the plaintiff, of unimpaired eyesight, stumbled and tripped in a depression in the walk where the cement had broken away and had been removed, leaving a hole about two feet by one and one half feet in area and two or three inches in depth, and that he frequently had passed over the hole

before his injury and knew of its existence, will not, as a matter of law, preclude him from recovery.

In an action for personal injuries under G. L. c. 84, § 15, the plaintiff is entitled to recover not only for the physical injury but also for any mental suffering he endured and for any impairment of his earning capacity as the direct result of the physical injury.

TORT, under G. L. c. 84, § 15, for personal injuries resulting from a fall alleged to have been due to a defect in a public way. Writ in the District Court of Springfield dated June 2, 1926.

Facts found and rulings made by the judge in the District Court are stated in the opinion. The judge found for the plaintiff in the sum of $350, and reported the action to the Appellate Division for the Western District. The report was dismissed. The defendant appealed.

The case was submitted on briefs.

*C. H. Beckwith*, City Solicitor, & *D. M. Macaulay*, Assistant City Solicitor, for the defendant.

*F. N. Newell*, for the plaintiff.

CROSBY, J. This is an action to recover for bodily injuries arising from an alleged defect in a sidewalk on Jenks Street, a public way in Springfield. There was evidence tending to show that the plaintiff, while passing over the sidewalk, stumbled and tripped in a depression in the walk where the cement had broken away and had been removed, leaving a hole about two feet by one and one half feet in area and two or three inches in depth.

The plaintiff testified that at the time of the accident it was daylight, that the weather was fair, and that his sense of sight was not impaired; that the condition of the walk was the same as it had been for several months before the accident and that he had passed over it daily for several months; that he had observed the hole where he fell, and that before the accident "he had some days gone out into the road so as to avoid using this section of the walk on account of its condition." There was evidence that as a result of his fall his collar bone was broken.

It is not contended by the defendant that the walk was not in a defective condition. Its contention is that the evidence

shows the plaintiff was not in the exercise of due care, and for that reason cannot recover. The fact that he had passed over the hole before and knew of its existence does not, as matter of law, preclude him from recovery. Apart from the provisions of the "due care" statute, G. L. c. 231, § 85, it was a question of fact whether the plaintiff was in the exercise of due care. *Winship* v. *Boston*, 201 Mass. 273. *Page* v. *Weymouth*, 207 Mass. 325. *Callahan* v. *Dickson*, 210 Mass. 510, 515. *Barron* v. *Watertown*, 211 Mass. 46. *Junkins* v. *Stoneham*, 234 Mass. 130, 133. It follows that the defendant's first request for a ruling to the effect that the plaintiff was not entitled to recover was rightly denied.

The defendant's second and third requests were as follows: "2. If the plaintiff is entitled to recover, he may recover for bodily injury only. 3. If the plaintiff is entitled to recover, he is not entitled to recover damages for loss of time in his employment or for loss of pay or wages." The presiding judge denied the second request, and granted the third with the statement that the plaintiff was not entitled to recover for loss of pay or wages as such, but that he was entitled to recover the fair value of his time lost as the direct and proximate result of the bodily injury he received. The second request was properly refused. The plaintiff was entitled to recover not only for the physical injury but also for any mental suffering he endured and for any impairment of his earning capacity as the direct result of the physical injury. No error appears by reason of the manner in which the court dealt with the third request. The rulings made were sufficiently favorable to the defendant. The case, so far as it relates to the question of damages, is governed by *Lewis* v. *Springfield, ante,* 183 this day decided by this court.

*Order dismissing report affirmed.*