Morton, J.
This is an action of tort to recover damages for injuries sustained in consequence of an alleged defect in a highway in the defendant town. The answer was- a general denial.
- There is no issue raised as to the sufficiency of the notice as to the time, place, and cause of the injury. Certain of the evidence was reported and the court made findings of fact. It appears therefrom that the plaintiff, while walk- ■ ing along the sidewalk in question, stumbled over a clinker *165 embedded therein, and two or three inches in diameter, and which projected above the surface of the sidewalk from three-quarters of an inch to one inch. The sidewalk was of a gravel base, with cinders and sand, and rolled hard. Near where the plaintiff fell there were two other clinkers several inches in diameter and which stuck up from the sidewalk from one to two inches. The court found that there was no evidence that either of these clinkers caused the plaintiff to fall. The trial court took a view of the premises and found as a fact that the sidewalk was not dangerous. Furthermore the court, in declining certain requests for rulings, gave as his reason therefor that he found that the sidewalk was not in a defective condition, and that the clinkers did not protrude sufficiently above the sidewalk level to make it unsafe for travellers.
The plaintiff filed numerous requests for rulings to which it is unnecessary to refer in detail. Those requests allowed abundantly indicate that the trial court had correct principles of law in mind as applicable to a case of this kind.
The plaintiff filed a petition to establish a report and we will take up this matter before considering the case upon the merits. The plaintiff duly filed a draft report on November 18, 1936. In his petition the plaintiff states that he requested a hearing on the draft report on November 27, 1936, and that the hearing was held on December 10, 1936. The docket shows that the report was established on December 21, 1936 and copies thereof forwarded to attorneys. The plaintiff states that he received his copy on December 23, 1936. The petition to establish the report was filed January 6,1937. Eule 30 of the Eules of the District Courts (1932 Edition) requires the filing of a petition to establish a report within five days after notice of the disallowance of a claim of report. The establishment of a report different in form and substance from the draft report, and over the objection of the party claiming the report, must be *166 regarded as a disallowance thereof. In the instant case the draft report of the plaintiff was, therefore, disallowed as of December 21, 1936, notice whereof was received by the plaintiff on December 23, 1936. The petition to establish the report, not having been filed within five, days thereafter, is not properly before us.
Even if properly before us the petition must be dismissed as it is verified by stating that the facts are true “to the best of his knowledge and belief.” The rule above referred to provides that the petition shall be verified by affidavit setting forth in full the claim for report and all the facts material thereto. It has been held that the rule regarding verification must be strictly complied with.
Proceedings for the establishment of a report are analogous to proceedings for the establishment of exceptions and must be regarded as strictissimi juris. Bishop, Petitioner, 208 Mass. 405. The rule regarding verification must be strictly complied with. Clemens Electrical Mfg. Co. v. Walton, 168 Mass. 304. The affidavit in this case does not comply with the rule. It is not sufficient that it be verified in any form other than as true. Hadley v. Watson, 143 Mass. 27. The petition, therefore, must be dismissed.
With regard to the merits, it has been held that, in a case of this kind the questions as to the due care of the plaintiff, whether the sidewalk was unsafe for travelling, . and the defendant knew, or ought to have known, thereof, are questions of fact to be determined by the court. For instance, in Naze v. Hudson, 250 Mass. 368, cited by the plaintiff, the court says at page 371:
“The questions, whether the plaintiff was in the exercise of due care, and whether the sidewalk was unsafe for travelling and the defendant knew of the defective condition or ought to have known of it and remedied it, were for the jury.”
*167 We have examined all the other cases cited by the plaintiff and find that they are not applicable to any issue in the case at bar. They all hold, as does Naze v. Hudson cited above, that the issues are ones of fact. In George v. City of Haverhill, 110 Mass. 506, and Page v. Inhabitants of Weymouth, 207 Mass. 325, and Winship v. City of Boston, 201 Mass. 273, cited by the plaintiff in support of his contention that the plaintiff should not be barred from recovery in consequence of his knowledge of the condition of the sidewalk, it was held that knowledge of a defect on the part of a plaintiff is not conclusive evidence, as matter of law, of a want of due care. The issue is still one of fact to be determined by the trial court.
The plaintiff filed no request as to whether or not a finding for the defendant was warranted but we consider the case as if such request were filed, and we are of the opinion, from an examination of the facts reported that the subsidiary findings, and the conclusion therefrom, of the trial court in the instant case were abundantly justified.
As we cannot pronounce these findings without support in the evidence they must stand. Crowninshield Shipbuilding Co. v. Jackman, 283 Mass. 21. There was no error in the disposition of the requests for rulings and an order will be entered dismissing the report.