EMMA MELLO *vs.* CITY OF PEABODY.

Essex.    February 6, 1940. — February 28, 1940.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Way*, Public: defect.    *Negligence*, Contributory, In use of way.

Testimony by a plaintiff in an action against a municipality for injuries
sustained in a fall due to a defective condition of a sidewalk, that she
stepped on the defect while, without looking to the ground, she was
passing the place in a crowd, that she then knew of the condition of
the sidewalk and that some of the people in front of her had walked
around it, did not require a finding that her injury was due to lack
of due care on her part.

TORT.    Writ in the District Court of Peabody dated
June 23, 1937.

On removal to the Superior Court, the action was tried
before *Williams*, J., and a verdict was returned for the
plaintiff in the sum of $1,500.

The case was submitted on briefs.

*J. A. Liacos*, City Solicitor, for the defendant.

*J. E. Murphy*, for the plaintiff.

Cox, J.    The plaintiff recovered damages for personal in-
juries, alleged to have been caused by a defect in a public
way in the defendant city.    The only question presented is
whether there was error in the denial of the defendant's
requests for rulings.

The jury could have found that between three-thirty and
four o'clock in the afternoon of October 11, 1936, the plain-
tiff fell as a result of a defect in the sidewalk.    G. L. (Ter.
Ed.) c. 84, §§ 1, 15, 18.    Earth and other material had
washed down a hill to the sidewalk, thereby narrowing the
width that was fit for travel from nine feet to approximately
eighteen inches.    Upon this narrowed width there was a
lump of earth, seven or eight inches high, with a hole at
the bottom three or four inches deep and about a foot in
circumference.    The plaintiff had been watching a street

parade for about an hour, and after it had passed she started for home, following along in the midst of a crowd; "there was a big mass of people," some in front of and some behind her, walking in single file. She testified that some of the people in front passed over the spot where she fell, and some, when they neared the spot, went around it; that while she was following "those" people, she stepped on the defect "as described" and fell. When asked whether, on the way home and before reaching the spot, she saw the lump, she replied that she was not looking to the ground, but was looking ahead "so to see," and "to see what was going on"; that after her fall, she looked back and saw "the way it was." She also testified that she knew of the condition of the sidewalk and had passed over it many times. The jury viewed the premises.

The requests that have been argued are, in substance, that inasmuch as the plaintiff testified that (2) before she reached the spot where she fell, she saw other people ahead of her go around the lump, and failed to avoid "stepping on it," (3) that she saw the lump while she was walking toward it and failed to avoid stepping on it, (4) that she knew the lump was on the sidewalk "for a period of thirty years prior to the date of the accident," saw it on that day and failed to avoid it; and that if the jury found (6) that "she saw it there before she stepped on it," (7) that she was not in the exercise of due care, and (8) that she failed to do what a reasonable and prudent person would have done to avoid falling "on this particular spot," she could not recover. The trial judge in his instructions to the jury, which are reported in part, referred to the plaintiff's testimony to the effect that she knew of the condition of the sidewalk and had gone over it regularly, and he stated that the fact of her knowledge was not necessarily conclusive against her, that, having in mind her previous knowledge of the conditions, it was a question of fact for the jury whether at the time she was injured she was in the exercise of due care, and that her due care was a clear issue of fact.

Knowledge of a plaintiff as to the existence of defective conditions in a public way that he is using has an important

bearing upon the question of his own negligence, and what inferences, whether of care or negligence, shall be drawn from his knowledge and conduct are ordinarily for the jury. *Campbell* v. *Boston,* 189 Mass. 7, 10. *Keith* v. *Worcester & Blackstone Valley Street Railway,* 196 Mass. 478, 481. *Thompson* v. *Bolton,* 197 Mass. 311, 313. The fact that the plaintiff in the case at bar knew of the defective condition of the sidewalk is not conclusive that she was negligent in attempting to pass over it. *Junkins* v. *Stoneham,* 234 Mass. 130, 133. *Agnew* v. *Franks,* 255 Mass. 539, 541. The fact that she had passed over the sidewalk before and knew of its condition did not, as matter of law, preclude her recovery. *Mitchell* v. *Springfield,* 261 Mass. 188, 190, and cases cited. *Callagy* v. *Boston,* 297 Mass. 53, 55. *Barton* v. *Boston,* 301 Mass. 492, 494. *Sullivan* v. *Saugus, ante,* 127, 131. The case of *Cox* v. *Boston,* 254 Mass. 498, is distinguishable, if for no other reason than that in that case the plaintiff was the only person in the vicinity of the alleged defect and was giving his "alert attention" (page 499) to the matter of avoiding the hole into which he stepped.

We think that there was no error in the manner in which the trial judge dealt with the defendant's requests. In so far as they related to fragmentary portions of the evidence, he was not required to deal with them specifically. *Barnes* v. *Berkshire Street Railway,* 281 Mass. 47, 50–51.

*Exceptions overruled.*