CHARLES F. FITZPATRICK & others *vs.* ANDREW F. POPE & others. December 10, 1940. Exceptions overruled. The judge was right in dismissing the petition for mandamus to require a recount of the votes for selectman. A condition of a recount is that the initial "statement" signed by voters must bear "a certificate by the registrars of voters of the number of names of subscribers which are names of registered voters in such ward or town." G. L. (Ter. Ed.) c. 54, § 135, as amended by St. 1933, c. 270, St. 1935, c. 59, § 1, and St. 1938, c. 250, § 1. That condition was not performed.

*D. B. McCormack,* (*I. L. Rosenblum* with him,) for the petitioner.

*G. E. Bruen,* for the respondent, submitted a brief.

MARY SONIA *vs.* TOWN OF BILLERICA. December 30, 1940. Exceptions overruled. This is an action to recover compensation for personal injuries sustained by the plaintiff from falling by reason of a defect in the highway. A motion for a directed verdict was denied. The defendant's sole contention is that as matter of law the plaintiff was not in the exercise of due care. The evidence by which she was bound did not as matter of law require such a finding. The question was for the jury. *Torphy* v. *Fall River,* 188 Mass. 310, 314. *Page* v. *Weymouth,* 207 Mass. 325. *Callahan* v. *Dickson,* 210 Mass. 510, 515. *Junkins* v. *Stoneham,* 234 Mass. 130, 133. *Mitchell* v. *Springfield,* 261 Mass. 188, 190. *Barton* v. *Boston,* 301 Mass. 492, 494. Nothing in *Cox* v. *Boston,* 254 Mass. 498, or *Perry* v. *Loew's Boston Theatres Co.* 291 Mass. 332, relied on by the defendant, requires a different conclusion.

*K. C. Parker,* for the plaintiff.

*P. H. Ready,* for the defendant, submitted a brief.