Gadsby, P. J.
This is an action of tort in which the plaintiff seeks to recover damages for personal injuries sustained when he fell on the premises of the defendant. *171 Before trial the plaintiff amended his declaration so as to insert a second count alleging that the plaintiff fell due to an artificial accumulation of ice on the premises. The answer sets forth a general denial and contributory negligence on the part of the plaintiff. Control of the premises by the defendant is admitted.
The plaintiff’s father had died and was being waked at the defendant’s Funeral Home on January 3, 1948. The plaintiff first arrived at the Funeral Home that afternoon sometime between two and three o’clock. He parked a small truck that he was operating on Lewis Street, one of the main thoroughfares of the City of Lynn, a short distance from the Funeral Home, and entered the Home by the front door. After being in the Home a short time, his attention was attracted to the fact that busses passing along Lewis Sreet were having some difficulty passing his truck. This was due to the- large piles of snow on either side of Lewis Street. The plaintiff left the Home and drove his truck to a parking area on the defendant’s premises in the rear of the Funeral Home.
The defendant testified and the Court found that this parking space was provided by the defendant for the use of those attending services at the Funeral Home, and that the defendant preferred to have the visitors use the parking space rather than leave their cars on the public highway.
The Court further found that the parking space was cleared of snow. There was a driveway extending from the parking space along the side of the Funeral Home to the main thoroughfare. Built over the driveway about equi-distant from the main thoroughfare and the parking space was a porte-cochere. There were wooden steps leading from the driveway under the porte-cochere to the platform leading to the side door in the Funeral Parlor. *172 The side of this platform facing the parking space and away from the steps under the porte-cochere at one time had a railing, but the defendant had caused the railing to be removed and a ramp built of wood to extend from the driveway up to the platform. From the platform into the Funeral Parlor there was another small ramp. The defendant had had these ramps built to facilitate the removal of caskets from the Funeral Home. The defendant knew that this was a direct route from the parking space and knew that the public generally used this ramp to the door, instead of going down the driveway and up the stairs leading to the same platform. There was no evidence that the plaintiff knew of this fact. These stairs were lighted, cleared of snow and the door entering the premises was directly ahead of them.
After the plaintiff had parked his car in the parking space, he passed along the driveway and walked up the stairs under the porte-cochere and entered the Funeral Home by the side door. He remained in the Home until he left about six o’clock for something to eat. He left by the same side door and walked down the stairs, He returned to the Funeral Home at about seven o’clock; again parked his car in the parking space and entered again by the steps and in the side door.
Half of the ramp extending from the driveway to the platform near the side door was under the porte-cochere. The other half closest to the driveway had no covering. There were large quantities of snow on top of the portcochere. The plaintiff introduced evidence over the defendant’s objection and request for a report, which showed by a weather report prepared at the Bast Boston Airport, eight miles distance from the place of the accident that the temperature at that place on that day had risen above freezing. The Court found that some of the snow on the *173 top of the porte-cochere melted and dripped upon the exposed parts of the ramp, and the weather report showed that the temperature dropped during the early hours of the evening creating freezing conditions, and the Court found that there was a thin slippery coating of ice on the exposed part of the ramp.
The defendant, when he entered the Home sometime between six and seven o’clock saw this coating of ice on the ramp and on some other parts of the premises where there had been thawing and freezing.
The defendant had a combination of sand and salt available for sprinkling icy places and testified that he had sprinkled the slippery place, including the exposed part of the ramp, sometime after he returned to the house on January 3, 1948, between 6:00 and 7:00 P. M., but the Court found that the slippery portion was not sprinkled. At about 10:00 P. M., the plaintiff offered to drive two visitors to the wake home and, preparatory to carrying out his offer, he left the Home by the side door to get his automobile. He proceeded across the platform under the porte-cochere and, instead of using the stairs as formerly, went down the ramp which was in the direction of his car. When he reached the icy portion of the ramp, the plaintiff slipped and fell, being thrown violently to the bottom of the ramp. Some friends in the Funeral Home heard the commotion and came out and assisted him into the Home. The defendant was there, and the plaintiff advised him that he had been injured by reason of the fall and the defendant said that he had sand there to sprinkle the slippery places and he did not understand why they had not been sanded. The plaintiff received a fracture of the eighth and ninth ribs. X-rays were taken and he received treatment for his injuries.
*174 On January 8, 1948, five days after the accident, the plaintiff wrote the defendant as follows:
“84 Pine Street Swampscott, Mass.
January 8, 1948
Thomas W. Rhodes 67 Ocean Street Lynn, Massachusetts
This is to notify you that on January 3, 1948 about 10:00'to 10:15 P. M., while attending your Funeral Home at 67 Ocean. Street, I received a bad fall causing me considerable bodily injuries and am now in the care of my physician.
This accident was caused by the condition of your premises.
Will you kindly let me hear from you at once.
Very truly yours,
/s/ CHARLES WATTS”
Prior to the sending of this letter, the defendant had called the plaintiff and talked to his wife to inquire as to his condition. After receipt of this letter, the defendant wrote to the plaintiff on January 10, 1948, acknowledging the letter, and correcting some erroneous information that he had furnished the plaintiff’s wife in the course of the telephone conversation above mentioned.
No counter notice was ever sent by the defendant or by anyone in his behalf.
The trial Court found that the notice of injury above set forth given by the plaintiff was made in good faith and did not prevent or unreasonably delay the defendant from receiving actual notice of the injury and of the contention that it occurred from the defective condition of the defendant’s premises, and further ruled that, in the absence of a counter notice, as required by Gr. L. c. 84, § 20, *175 the defendant cannot avail himself of any omission to state in the notice the name or place of residence of the person injured, or the time, place or cause of the injury or damage.
The Court found upon the above facts that the plaintiff was an invitee upon the premises in the control of the defendant ; that at the time he received his injuries he was in the exercise of due care; that he was upon a portion of the premises in the control of the defendant to which the public generally had the right of access; that the portion of the premises upon which the plaintiff fell was maintained by the defendant in a negligent and improper manner, and that the plaintiff fell due to an artificial accumulation of ice on the ramp, of which- the defendant had knowledge, but which he had failed to remove or to render safe, and that the plaintiff’s injuries were due to the negligence of the defendant.
The Court found for the plaintiff and assessed damages in the sum of $900.00.
At the close of the evidence, the defendant filed requests for rulings. The Court made the following disposition on certain of these requests:
(3) Failure to give an adequate notice by the plaintiff or upon his behalf is a defect in the plaintiff’s case which bars him from recovery. Denied.* I have found, that the plaintiff gave a notice and that there was no counter notice given by the defendant or anyone on his behalf. (4) If the plaintiff was injured while upon a portion of the premises to which he was not induced to go by the defendant in the transaction of business between them, the plaintiff could not demand the exercise of reasonable care toward him by the defendant. Denied. I have found that the plaintiff was injured while upon a portion of the premises *176 used by the public with the defendant’s knowledge and consent. (7) Where the plaintiff came upon the defendant undertakers premises at the request of the defendant for business reasons, the invitation does not extend to all portions of the defendant’s premises as respects the defendant’s liability for injuries suffered bv the plaintiff on a ramp not used for a live customer at the plaintiff’s place of business. Denied. I have found that the plaintiff was injured while upon a portion of the premises used by the public with the defendant’s knowledge and consent. (8) If the plaintiff was injured upon a place used to wheel corpses out of and into the defendant’s premises, and not contemplated for the use of its invitees, who could use the stairs'beside the ramp, under their own locomotion, the defendant is not liable for failure to maintain the ramp in a safe condition for its invitees. Denied. I have found that the plaintiff was injured while upon a portion of the premises used by the public with the defendant’s knowledge and consent. (9) As a matter of law, the notice given by the plaintiff is defective. Denied. I have found that the plaintiff gave a notice and that no counter notice ivas given by the defendant or anyone on his behalf.”
The defendant claiming to be aggrieved by: (1) The admission of the weather report for East Boston as evidence of the weather conditions in Lynn; (2) The denial of requests for rulings and findings numbered 3, 6, 7, 8 and 9; (3) The rulings and findings insofar as they relate to the plaintiff being an invitee on certain parts of the defendant’s premises.
Two questions of law are involved. The first is as to the legality of the notice. The notice set forth the name of the person injured. It gave the time of the injury and the place. It set forth as to the cause “falling by the plaintiff due to the condition of the defendant’s premises.” It indicated an intention to hold the defendant liable. The notice was given within the time required. Even if we *177 regard the notice as being defective in not stating the cause of the injury specifically, this constitutes an omission concerning which the defendant in order to take advantage must file a counter notice. This the defendant did not do. Therefore under the provisions of GK L. (Ter. Ed.) c. 84, § 20, no advantage can be taken by the defendant regarding any alleged omission. The Legislature has shown an intention not to bar recovery because of any omission, unless the defendant within the five day period saves his objection by filing a counter notice. Not having done so, he now has no cause for complaint.
The Supreme Judicial Court has been very liberal in carrying out the intention of the Legislature. In Herb v. Gould, 314 Mass, at 13, the Court said, “Since the statute required notice only when snow and ice were the cause of the defective condition, the giving of the notice itself pointed to snow and ice.” There was therefore no prejudicial error in the action of the Court on the requests of the defendant pertaining to the legality of the notice.
The second objection raised by the defendant is as to the action of the Court in placing the plaintiff in the status . of an invitee. By the plaintiff being placed in such a category, the defendant owed him the duty to use reasonable care to keep the premises in a safe condition for his use. Kennedy v. Cherry & Webb Co., 267 Mass. 217 at 219; Coates v. First National Stores, Inc., 322 Mass. 563.
The requested rulings become immaterial in view of the specific finding by the Court that the plaintiff was an invitee and not a licensee.
The Court has also found that the -plaintiff was not guilty of contributory negligence. This was a question of fact. Barnes v. Berkshire Street Railway, 281 Mass. 47 at 50: Mello v. Peabody, 305 Mass. 373 at 374, 375.
*178 In conclusion it should be noted that the defendant has not saved any rights relative to the question of evidence because he has not complied with Rule 27 relative to a claim for report, nor has he set forth in his brief his objections under Rule 30, with the result that any objections on his part are deemed waived.
There being no prejudicial error in the action of the trial judge, the report is dismissed.

The trial Court’s ruling and findings on each of the Defendant’s Requests for Rulings are printed in italics following the request.