HATTIE ELWELL *vs.* TOWN OF ATHOL.

Worcester.    September 27, 1949. — November 14, 1949.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Way*, Public: defect. *Notice. Negligence*, Contributory, Use of way.

A notice under G. L. (Ter. Ed.) c. 84, § 18, as amended, of injury on
   August 23 due to a defect in a public way in a town, which was left
   at the selectmen's room in the town hall on August 27, and which, a
   witness testified, the chairman of the board of selectmen on Septem-
   ber 30 admitted having received "on the 29th," might properly be
   found to have been received on August 29, within the thirty day period
   specified in the statute.

A notice of injury due to a defect in a public sidewalk, given under G. L.
   (Ter. Ed.) c. 84, § 18, as amended, was not insufficient in stating as the
   cause of the injury that the injured person "stepped in a hole in the
   walk and fell."

An omission of the year in stating in a notice given to a town under G. L.
   (Ter. Ed.) c. 84, § 18, as amended, the date of an injury due to a defect
   in a public way could not be availed of by the town because of its
   failure to give a counternotice under § 20, as amended.

Evidence, that the chairman of the board of selectmen of a town knew
   of the occurrence of an injury caused by a hole in a public way before
   notice thereof was received under G. L. (Ter. Ed.) c. 84, § 18, as
   amended, and that in consequence of the giving of the notice a police-
   man called on the injured person and received from him a statement
   as to the occurrence of the injury, warranted a finding that within the
   statute "there was no intention to mislead" and the town "was not
   in fact misled" by a description of the place of injury in the notice
   which was equally applicable to either of two different places on the
   way.

The mere fact, that a pedestrian was familiar with the condition of a
   public sidewalk at a place where it was broken and contained holes,
   into one of which he stepped, thereby falling and sustaining injury,
   did not require a ruling that negligence on his part contributed to his
   injury and prevented his recovering from the municipality therefor
   under G. L. (Ter. Ed.) c. 84, § 15.

TORT.    Write in the Superior Court dated September 13,
1946.

The case was tried before *Warner*, J.

In this court the case was submitted on briefs.

*W. M. Quade & W. Garbose,* for the defendant.

*J. T. Bartlett,* for the plaintiff.

WILLIAMS, J. This is an action of tort for personal injuries incurred by the plaintiff on August 23, 1945, by falling on a sidewalk of Canal Street, a public way in the town of Athol, at a place where a driveway leads westerly across the sidewalk along the northerly side and to the rear of the N. D. Cass Company factory. The jury having returned a verdict for the plaintiff, the case is here on the exception of the defendant to the denial by the judge of the defendant's motion for a directed verdict.

The evidence in substance was as follows. At the place where the plaintiff fell, the sidewalk, which was constructed of cement blocks laid on a tar and gravel base, had been crushed and broken by the passage of trucks and other vehicles using the driveway. Some of the cement blocks had been displaced and holes had been created in the surface of the sidewalk, some to a depth of two and a half to three inches. This condition had existed for several months. Another driveway led westerly from Canal Street over the sidewalk along the southerly side and to the rear of the Cass factory some two hundred fifty feet south of the above described driveway.

The following notice addressed to John Barker, chairman of the board of selectmen of Athol, was signed by the plaintiff on Sunday, August 26, and taken by the plaintiff's daughter to the Athol town hall on Monday, August 27: "Mr. John Barker  Dear Sir  I am sending you a report of my axident as you asked me Thursday Aug. 23, 4.45 after noon I was at N. D. Cass Shop to meet my husband while walking along side walk where drive way goes down back I steped in a hole in the walk and fell striking on my abdomen shaking me up in side abraisions of both legs and knee cap and left arm and could not walk after and am under Dr. Reynolds care he says there is possibility of Xray. Mrs. Hattie Elwell, Yale Ave  Athol  Mass." The plaintiff's daughter slipped the notice under a door in the town hall upon which the word "Selectmen" was printed. The door

was locked at the time. A few days later and within the week following the accident a sergeant of the local police force called on the plaintiff who was confined to her bed, asked her what had happened, and she "told him." On September 30 the plaintiff had a talk with Barker. She testified that "Mr. Barker said that he had received the notice. He received the notice on the 29th. I was hurt on the 23rd day of August."  The defendant contends that the admission of the receipt of the notice by the chairman of the board of selectmen referred to the twenty-ninth of September and that the notice, therefore, was not received within thirty days after the accident as required by G. L. (Ter. Ed.) c. 84, § 18, as appearing in St. 1933, c. 114, § 1. In our opinion the jury could have found from the facts above recited that the "29th" to which Barker referred was the twenty-ninth of August, two days after the plaintiff's daughter left the notice at the selectmen's room. It is to be noted that Barker did not testify. See *Commonwealth* v. *Clark*, 14 Gray, 367, 373; *Whitney* v. *Bayley*, 4 Allen, 173; *McCarthy* v. *Dedham*, 188 Mass. 204; *Attorney General* v. *Pelletier*, 240 Mass. 264, 316.

It is further urged by the defendant that the notice was insufficient as to statements contained therein of time, cause and place, and that as matter of law the plaintiff was guilty of contributory negligence. There appears to be no insufficiency in the notice so far as alleging a cause for which the town would be responsible. See *Brown* v. *Winthrop*, 275 Mass. 43; *DePrizio* v. *F. W. Woolworth Co.* 291 Mass. 143; *Pecorelli* v. *Worcester*, 307 Mass. 425. Compare *Cameron* v. *Somerville*, 285 Mass. 307. As to time, the year in which the accident occurred is not stated, but this is a patent omission (see *Tobin* v. *Brimfield*, 182 Mass. 117) which cannot be availed of by the defendant because of its failure to give a counternotice under G. L. (Ter. Ed.) c. 84, § 20, as appearing in St. 1933, c. 114, § 3, as amended by St. 1939, c. 147. The notice could be found to be inaccurate as to the statement of the place of the accident because of the ambiguity arising from the evidence at the trial that

there were two driveways leading westerly from Canal Street across the sidewalk to the rear of the Cass factory. *Veno* v. *Waltham,* 158 Mass. 279. The jury, however, could have found that "there was no intention to mislead and that the party entitled to notice was not in fact misled thereby." G. L. (Ter. Ed.) c. 84, § 18, as amended. See *Gardner* v. *Weymouth,* 155 Mass. 595; *Tobin* v. *Brimfield,* 182 Mass. 117, 119; *Burke* v. *Lynn,* 219 Mass. 302, 304; *Maloney* v. *Cohasset,* 234 Mass. 284; *Crowell* v. *Malden,* 273 Mass. 456, 461. The statement in the notice, that the chairman of the board of selectmen had asked for a report of the accident, was not denied and was some evidence that he knew of the accident before the notice was sent. Wigmore on Evidence (3d ed.) § 1073. *Commonwealth* v. *Jeffries,* 7 Allen, 548, 561. There was the additional evidence that after the notice was received, and inferentially in consequence of its receipt, a policeman investigated the accident by calling on the plaintiff and received from her a statement of what had occurred. Wigmore on Evidence (3d ed.) § 266. *Fortin* v. *Easthampton,* 142 Mass. 486. *Veno* v. *Waltham,* 158 Mass. 279.

It could not have been ruled that the plaintiff's own negligence contributed to cause her fall. Although the plaintiff was familiar with the condition of the sidewalk, it is settled that such familiarity does not as matter of law make her conduct in walking over the sidewalk negligent. Her knowledge of the defect was only a fact to be considered by the jury. *Slack* v. *Boston,* 275 Mass. 187. *Beckwith* v. *Boylston,* 284 Mass. 279. *Barton* v. *Boston,* 301 Mass. 492. *Mello* v. *Peabody,* 305 Mass. 373. *Cox* v. *Boston,* 254 Mass. 498, relied on by the defendant, is distinguishable on its facts and establishes no principle different from that above stated. See *Callagy* v. *Boston,* 297 Mass. 53, 55, *Barton* v. *Boston,* 301 Mass. 492, 494, *Mello* v. *Peabody,* 305 Mass. 373, 375, and *Sonia* v. *Billerica,* 307 Mass. 611. The facts in the instant case do not bring it within the doctrine of those cases where one has been injured by falling on a way under repair and obviously not open to public travel. See

*Chapman* v. *Boston*, 252 Mass. 404, *O'Neil* v. *Boston*, 263 Mass. 55, and *Pratt* v. *Peabody*, 281 Mass. 437, and cases cited on page 440.

There was no error in the denial of the defendant's motion for a directed verdict.             *Exceptions overruled.*