ANNA BABISH *vs.* CITY OF CAMBRIDGE.

Middlesex.   March 4, 1958. — April 7, 1958.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Way,* Public: defect. *Notice.*

In an action against a city for personal injuries sustained in a fall because of an alleged defect in a brick sidewalk of a public way, where the location of the accident as stated in the notice given to the city under G. L. (Ter. Ed.) c. 84, § 18, was over one hundred feet away from the location stated in the plaintiff's testimony, a finding that the city was not in fact misled by the inaccuracy in the notice was warranted on the evidence, including evidence that a police officer was "called to the spot where the plaintiff fell" and made a report to the city solicitor.

TORT.   Writ in the Third District Court of Eastern Middlesex dated March 15, 1954.

The action was heard by *Viola,* J.

*Richard D. Gerould,* City Solicitor, for the defendant.
*George P. Lordan,* for the plaintiff.

SPALDING, J.   On October 15, 1953, the plaintiff fell and was injured while walking on a sidewalk in the city of Cambridge.   In this action of tort to recover for an alleged defect in the sidewalk, the judge found for the plaintiff.   A report to the Appellate Division was dismissed, and the defendant appealed.

The sole question on the issue of liability relates to notice, and it arose in these circumstances.   After the accident the plaintiff seasonably gave written notice to the city of the time, place and cause of the injury as required by G. L. (Ter. Ed.) c. 84, § 18.   In the notice, after stating the time of her injury, the plaintiff described the defect which caused her to fall as "a hole in the sidewalk approximately 8" long, 3½" wide and in depth a uniform 3" throughout in length." She further stated that the "hole was located on Cambridge Street at about eighteen paces from the corner of Dana Street, nearest Inman Square, and in the direction of Inman Square, and on the sidewalk located directly opposite the Holy Ghost Hospital."   The only respect in which the defendant contends that the notice was defective is in its description of the place of injury.

The plaintiff testified that immediately prior to the accident she was walking on the left hand sidewalk (going in the direction of Harvard Square) on Cambridge Street, between Ellsworth and Dana streets;  that the sidewalk was constructed of bricks;  and that after she had passed Lima's store at the corner of Ellsworth and Cambridge streets and was "about one third up from . . . [the] store" her "foot got caught in a hole where a brick was out."   She made "an outcry and people came including Mr. Lima from the store, and police officers in a cruising car.

One Lima, who operated the store referred to by the plaintiff, testified that he "heard a yell" and saw the plaintiff on the ground about forty feet from the corner of Ellsworth Street;  and that in the area there had been a depression in the sidewalk for many years, which was four feet in width and varied between one and two inches in depth.

One Sullivan, a Cambridge police officer, called by the plaintiff, testified that on the day of the accident he was "driving by the scene [of the accident] in a prowl car . . . and was called to the spot where the plaintiff fell"; that the sidewalk was in "fair condition and free of defects"; that there might have been a small depression in the area, but there was "no depression 4' by 2" deep." Officer Sullivan made a report to the defendant's city solicitor but what it contained does not appear, for the report was not put in evidence.

There was evidence introduced by the defendant that as a result of the plaintiff's notice, Carney, an assistant engineer of the defendant, and O'Neil, a police officer, went to the place described in the plaintiff's notice, took pictures of the sidewalk, and found that there was a brick in the sidewalk which was very slightly depressed. There was also evidence that the place examined by them was one hundred ten feet from the place described by the plaintiff in court.

The defendant's requests for rulings numbered 5, 6, 7 and 8 asked the court to rule that the plaintiff's notice was insufficient; that the plaintiff had not sustained the burden of proving that the defendant was not in fact misled by the notice; and that the insufficiency of the notice was not cured by the knowledge of the police officer or by his report of the accident to the city solicitor. The judge denied these requests as inapplicable to the facts found by him. Findings of the judge here material are that "due notice of time, place, and cause of accident was given to the defendant, even though the notice was inaccurate as to the location of the defect," and that "there was no intent on the part of the plaintiff to mislead the defendant and in fact, the inaccuracy did not mislead."

Admittedly there was an inaccuracy in the plaintiff's notice. The place of the accident described at the trial by the plaintiff was not the place described in her notice. But G. L. (Ter. Ed.) c. 84, § 18, provides that the notice required by that section "shall not be invalid or insufficient

solely by reason of any inaccuracy in stating the . . . place or cause of the injury, if it is shown that there was no intention to mislead and that the party entitled to notice was not in fact misled thereby." Whether there was intention to mislead, and whether the defendant was misled by the inaccuracy, were questions of fact for the trial judge. On both issues the finding of the judge was against the defendant, but the defendant challenges only the finding that the defendant was not misled. It was said in *Bowes* v. *Boston,* 155 Mass. 344, at page 349, that the fact that the defendant was not misled "may often be inferred from the circumstances, without testimony directly to the point." The discrepancy between the place of injury mentioned in the notice and that testified to by the plaintiff was by no means trivial. Yet we cannot say, as matter of law, that the judge could not find on the evidence, including all rational inferences of which it was susceptible, that the defendant was not misled. *Veno* v. *Waltham,* 158 Mass. 279. *Wilkey* v. *Cetlin,* 252 Mass. 152. *Elwell* v. *Athol,* 325 Mass. 41. In view of the facts found by the judge, there was no error in the denial of the defendant's requests.

The two rulings on evidence of which the defendant complains do not merit discussion other than to say that there was no error.[1]

Finally, the defendant argues that the damages were excessive. We are unable to say on this record that the award reveals any error of law. The governing principles on questions of this sort have been fully set forth in *Bartley* v. *Phillips,* 317 Mass. 35, 40–44, and need not be restated.

*Order dismissing report affirmed.*

---

[1] These rulings were as follows:

1. The plaintiff, after testifying that she had a pain in her back following the accident, was allowed over objection to answer the question, "When did the pain stop?" 2. The plaintiff's counsel in direct examination was permitted to ask Dr. Sargent, a duly qualified medical expert, "What is your opinion (as to the causal relation between the injury and the plaintiff's condition in October, 1954)?"